# SUPREME COURT.

## OCTOBER TERM, 1850.

13 517
39a 514

13 517
91a 284

### GEORGE TAYLOR vs. JOHN MAGUIRE.

Defendant covenanted with plaintiff to build for him a boat hull and deliver it on a stated day. He failed to deliver it until two months after the time specified: plaintiff then received it, and afterwards instituted this action upon the covenant for the failure to deliver the boat at the time agreed upon. The measure of damage, in such case, is the *actual loss* sustained by the plaintiff on account of the failure by defendant to comply with the contract. The loss of the probable profits of the boat during the two months constitutes no part of the damages.

## ERROR to St. Louis Court of Common Pleas.

### STATEMENT OF THE CASE.

Covenant: Declaration filed August 12, 1847, summons returnable September term, 1847.

The obligation declared on was dated 8th Sept., 1846. In this contract it was agreed that Maguire should build the hull of a steamboat, certainly described, and finish it ready for the engines by the 1st February, 1847, for which certain payments were to be made, amounting in the whole to $9000.

The boat was not then finished, but was never completed as agreed until the 12th day of April thereafter, the plaintiff being in no fault.

At the trial at the Feburary term, 1849, the plaintiff offered evidence to show that by reason of the defendant's said breach of contract, the plaintiff had lost the use of the boat for the space of two months, and that the boat could have been chartered or hired to other persons for the period lost for the sum of more than $5000.

Also that boats of inferior capacity and engaged in the same trade in which the plaintiff designed said boat to be employed, made to their owners a net profit of over $14000, above all expenses.

The defendant objected to all this testimony, and it was excluded, to which the plaintiff excepted.

It was also agreed that at September term of C. C. P., 1847, a suit was brought by defend_ant against the plaintiff to recover a balance remaining due on the price of said hull.

That at the trial thereof, this plaintiff offered to recoup the damages, alleging the same damage by reason of the breach of contract on the part of Maguire, as that on which this suit is founded; and the court refused to allow him to recoup his damages, and so adjudged and decided, as appears by their record of judgment now standing therein.

That at the time of trial therein, and of the offer to recoup, the present suit was pending, having been entered at the same term with the other.

Taylor vs. Maguire.

That Taylor then claimed and offered to prove that the damages sustained as aforesaid, exceeded by several thousand dollars the amount then claimed by Maguire.

The case was hereupon submitted to the court sitting as a jury, who returned a verdict for the plaintiff for $48.

The plaintiff then moved for a new trial, because

1st. The verdict was against the law and the evidence.

2nd. The exclusion of material and competent proof offered by the plaintiff.

3d. The verdict and judgment was less by several thousand dollars than it should have been,

And there is assignment of errors accordingly.

TODD & KRUM, for defendant in error.

1. The record of the suit of Maguire vs. Taylor, given in evidence, was a bar to a further prosecution of this suit.  17 Serg. & Rawle p. 322, and 11 Mo. R. 484, decide that a judgment between the same parties, upon the merits of a given claim, is a bar to any further prosecution of such claim between the same parties and privies, and although rendered during the pendency of the suit against which it is offered (Marsh vs. Pier, 4 Rawle, p. 273) and given under the general issue.  8 Mo. Rep. 120.

When recoupment has been relied on as a defence, the claim or demand upon which the recoupment is founded is finally adjudicated and terminated.  6 New Hamp. Rep. p. 481.

2nd. Besides, the law does not allow such damages as the plaintiff offered to prove.  Maguire vs. Taylor, decided at the October term, 1848, of this court.  Reported in pamphlet of 12 Mo. Rep. p. 313.  3 Humphrey Rep. p. 56; 21 Wend. Rep. p. 342.

RYLAND, Judge, delivered the opinion of the court.

From the above statement, it is plainly to be seen that the very point now presented for the consideration of this court, was heretofore before the court in the case of Taylor vs. Maguire, the same identical persons, parties thereto, as are now before this court.  See 12 Mo. Rep. page 313.  In the reported case, the presiding justice of this court, Judge Napton, wrote the opinion of the court.

Since this decision, this court has undergone a change in its members. I was not a member of the former supreme court; I have, therefore, from respect to the able counsel who again has brought this case before this court, looked into the facts of the case, as well as to the opinion given therein, as reported in 12 vol. Mo. Rep.

I concur very cheerfully with the opinion and views of Judge Napton, and feel no disposition to disturb or even cast a shade of doubt over his opinion.

Although Maguire was plaintiff in that case, and Taylor is plaintiff in this, yet the same subject matter was in controversy in both cases, and the same point in both cases in this court.

For the opinion of this court, therefore, in the present case, we refer to the case of Taylor vs. Maguire, 12 Mo. Rep. 313.

Judgment of the court below is affirmed.