## HOBBS *vs.* DAVIS.

1. Where there is a conflict of testimony as to the terms of a contract, and the witnesses are equally credible, neither being present when the contract proven by the other was made, it may be reconciled by supposing that in the course of the negotiation the terms were changed ; and in that event, the last should be enforced.
2. When a negro is hired to make a crop, and taken away by the owner in the middle of the year, whereby the crop is entirely lost, the true measure of damages is the hire of the negro, the rent of the land and the expenses incurred for the purpose of making the crop.
3. When a negro is hired to make a crop of corn, cotton, etc., and no time is fixed for the termination of the hiring, it will be presumed to be *for* the year.

Case, in Bryan Superior Court.    Tried before Judge FLEMING, December Term, 1858.

The facts are embodied in the opinion of the Court.

WM. B. GAULDEN, for plaintiff in error.

A. B. SMITH, for defendant.

*By the Court.*—LUMPKIN, J., delivering the opinion.

This was an action brought in Bryan Superior Court, by Sarah Davis, against John Hobbs, to recover damages of the defendant for, and on account of his having withdrawn from the possession of the plaintiff, in the month of May, 1858, a negro woman which he had hired to her at the beginning of that year, to make a crop that year.    The jury assessed the plaintiff's damages at one hundred and twenty-five dollars, with costs.

No motion having been made for a new trial, of course there can be no exception upon which error can be assigned in this Court, that the verdict was contrary to the evidence. The only errors that can be legitimately assigned, are upon the charges of the Court.

In order to understand the points raised and decided in this case, it is indispensably necessary to state the testimony.

Josiah Davis, the brother of the plaintiff, testified, that the

contract for the hire of the negro woman, Edy, was made in his presence and at his store, in the forepart of the year, 1858, and it was this: The plaintiff was to pay the defendant eight dollars per month. She was to take her one month at that price, on trial, and if she was satisfied with the woman and the woman with her, she was then to keep her at that price. The defendant told plaintiff that if, at any time, she should become dissatisfied with the woman, she could return her and pay for the time she had had her. Witness saw no money paid, but had every reason for believing it was paid. There was no set time how long plaintiff was to keep the negro woman. The negro woman was hired for the purpose of making a crop that year. The defendant took the negro away against the consent of the plaintiff, and for no cause that witness knew of. Plaintiff lost her crop on account of the woman's being taken away; and witness believes that if it had been well tended, that it would have been worth one hundred and fifty dollars. There was no one present when the contract was made except plaintiff and defendant, witness and wife.

Mrs. Hobbs, a daughter-in-law of the defendant, swore, that she was present when the contract was made. The plaintiff was to have Edy for one month, at eight dollars, and any time after that, that defendant might want said negro woman, she was to come home. This was distinctly agreed upon by the parties. The contract was made at the dwelling house of Josiah Davis, in Bulloch county; and there was no one present at the time but witness, plaintiff and defendant.

The testimony being closed, the Court, after argument, charged the jury, that the testimony being conflicting, it was their duty to reconcile it, if possible; that the only way this could be done, was by supposing there were two contracts, and it was for the jury to ascertain from the evidence which was made last.

As to the measure of damages for the breach of the contract, the Court charged the jury, that the measure of damages was not simply what such a negro would hire for, for the purpose of profit, and that a negro taken from the crop in May or June, the grassy season of the year, is more valuable than the average value of the negro for the whole year. This charge was in response to a request from defendant's

counsel, that if they found a breach of the contract, the measure of the damages would be what such a negro would hire for per annum.

The Court further charged the jury, that when a negro is hired for farming purposes, and no time is set for the termination of the contract for hire, that the law implies a hiring for the year.

1. There being an irreconcilable conflict in the testimony, upon the supposition that the witnesses are equally credible, as to the terms of the contract, the violation of which is the subject-matter of this suit, as well as to the persons present when it was made, we think the Court perhaps suggested the only mode of escaping from the dilemma, to-wit: by supposing that the two witnesses, Josiah Davis and Mrs. Hobbs, testified to different transactions, which might have occurred the same day—the one at the house and the other at the store; and that, in that event, the last must prevail.

2. The Court was clearly right in refusing to recognize the rule requested to be given in charge by defendant's counsel, as the proper criterion for the assessment of damages in this case, namely: the average value of such a negro by way of hire for the year. The plaintiff's crop was lost by the wrongful act of the defendant. Had the defendant shown— and it was incumbent upon him to make this proof—that the plaintiff could, in the exercise of ordinary diligence, have substituted another servant and thus have prevented the loss of her crop, it might have gone in mitigation of damages.

As it was, the true criterion of damages was, perhaps, the hire of the negro, the rent of the land and all the expense incurred, and actual loss sustained by the misconduct of the defendant, rather than the conjecture of the witness, as to what the crop would have been worth. But inasmuch as the jury found less, by twenty-five dollars, than the amount sworn to by Josiah Davis and only about that sum more than the price agreed to be paid for the woman, and no motion was made for a new trial on account of the verdict, we do not deem it best to procrastinate the litigation by sending the case back.

3. It is complained that the Court erred in charging the jury, that where no time is fixed, that the law presumes that where a slave is hired for plantation purposes, it is hired for the year.

If we hire a negro mechanic to build a house or a chimney, he is hired for the time necessary to complete the job; and so of every other contract of hiring. Reference is had to the object for which the negro is hired; and is it not the universal practice in a cotton country to hire negroes for the year, if hired at the beginning of the year? and did not this presumption arise and apply in this case? The woman was hired at the beginning of the year, and, as the witness testifies, to make a crop of corn, cotton, potatoes, etc., the presumption is, that she was hired for the year 1858.

Let the judgment be affirmed.