PETER WEIST

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. AMENDMENT *of appeal bond—on appeals from justices.* Under the second section of the act of 9th of February, 1853, concerning appeals from justices of the peace to the Circuit Court, the party appealing has the right to amend his appeal bond, if it be found defective, and it is error to deny such right of amendment, and to dismiss the appeal for want of a sufficient bond.

2. This right of amendment extends to appeals from judgments of justices for a fine or penalty, and embraces the case of a prosecution under the act of 1861, for selling spirituous or malt liquors within one mile of Shurtliff College.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The case is stated in the opinion of the Court.

Mr. G. B. BURNETT, for the plaintiff in error.

Mr. C. M. MORRISON, State's Attorney, for the people.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a prosecution commenced before a justice of the peace of Madison county, against Peter Weist, to recover a penalty for selling spirituous or malt liquors within one mile of the buildings of Shurtliff College in Upper Alton. The prosecution was founded upon this complaint:

The complaint of Daniel Read, H. N. Kendall and Justice Buckly, three members of the board of trustees of Shurtliff College, charges: That they have reason to believe and do believe that Peter Weist, at Upper Alton, in the county of Madison, in the State of Illinois, and within one mile of Shurtliff College, was, on or about the 2d day of July, 1865, guilty of a violation of the law of the State of Illinois, by being connected with a beer saloon or place where malt or spirituous liquors are sold or otherwise disposed of as a beverage, contrary

to the provisions of an act of the legislature of the State of Illinois, approved February 20th, 1861.

On the trial before the justice of the peace, the jury found plaintiff in error guilty in both cases, and a fine of twenty-five dollars was entered in the first, and of seventy-five dollars in the other. The cases were removed to the Circuit Court by appeal, and at the December Special Term the prosecution moved the court to dismiss the appeal, and plaintiff in error entered a cross motion for leave to amend his appeal bond; but the court overruled the latter motion, and dismissed the appeal. And the case is brought to this court by writ of error, and a reversal is asked, because the court below refused to permit him to amend his appeal bond.

The act of the 9th of February, 1853 (Sess. Laws, 125), declares that appeals may be prosecuted from judgments of justices of the peace for a fine or penalty, in the same manner as appeals may be taken from judgments of justices of the peace in other cases. And the second section enacts that no such appeal shall be dismissed for any informality in the appeal bond, and the court is required to allow the party to amend the bond, so that a trial may be had on the merits of the case. The language of this enactment is sufficiently broad and comprehensive to embrace any informality that may exist in the bond. So there has been an effort in good faith, and in the time limited by the statute to take an appeal, the case comes within this provision; and, when the party desires to amend the appeal bond, it is the exercise of a right conferred by the statute, which cannot be refused. The court, however, has the right to limit the time within which the amendment may be made. But in doing so the court must fix a reasonable time within which it shall be done. In this case plaintiff in error offered to amend his bond, but the court refused to permit him to do so, and dismissed his appeal, and, in refusing, committed an error, for which the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*