FRANK VAN ARSDALE

*v.*

HENRY RUNDEL.

82    63
111a   624.

MEASURE OF DAMAGES—*breach of contract to deliver goods.* On breach of contract to manufacture and deliver goods, the measure of damages is the loss sustained by reason of the non-delivery.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was an action brought by the appellee against the appellant, to recover damages for the breach of a contract to sell and deliver certain pottery ware. The plaintiff recovered judgment for $61.66, and costs.

Messrs. GILLESPIE & HAPPY, for the appellant.

Mr. E. BREESE GLASS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This action was originally brought before a justice of the peace of Madison county, upon an account, claiming damages for the non-delivery of some pottery ware, which appellant, it was claimed, had contracted to deliver to appellee on a certain day, and at the price of seven cents per gallon. The contract is not disputed by appellant.

The only reason we can perceive, from the testimony, why the ware was not delivered as promised, seems to have been that appellant was apprehensive one Butterfield was to handle the ware for appellant, and to this person appellant had objections, on account of his failure to comply with contracts of a like nature made with appellant. But the proof shows this man Butterfield had no pecuniary interest in this contract whatever, and no personal connection with it.

The evidence shows that ware of the description specified in this contract, could not be purchased in market for less than ten cents per gallon. Appellee was, himself, a potter, and had orders for five thousand gallons, a part of which, about two thousand five hundred gallons, he was himself able to furnish, hence his contract with appellant to furnish the balance, to be delivered, at a specified time, on a car on the railroad track. Payment was to be made when appellee received the returns of the sale.

It is urged by appellant, that appellee is only entitled to nominal damages, by reason of his failure to comply with his contract.

We have examined the cases cited by appellant to sustain his view of this case, and do not think they conflict with the finding and judgment of the court. None of them conflict with the proposition on which this recovery is based, that on a breach of contract to deliver goods the measure of damages is the loss sustained by reason of the failure. In this case it is proved this ware was contracted to parties in Belleville and St. Louis, at ten and one-half cents per gallon. Here, appellee shows substantial damages, consisting in the difference between seven cents per gallon, which he was to pay appellant, and ten and one-half cents per gallon, which he was to receive from the parties to whom he had sold, and which was the market price.

The jury have found no more than this difference, and their verdict should not be disturbed. The judgment is affirmed.

*Judgment affirmed.*