JOSEPH H. STURGESS, Respondent, v. WILLIAM H. CRUM, Appellant.

Kansas City Court of Appeals, March 19, 1888.

PRACTICE—INSTRUCTION—CASE ADJUDGED.—The instruction given in this case is erroneous, because as to part of it there was no evidence in the case upon which to base it; and because the measure of damages, according to the testimony given, was wrongly declared.

APPEAL from Saline Circuit Court, HON. RICHARD FIELD, Judge.

*Reversed and remanded.*

The case and facts are stated in the opinion.

Boyd & Sebree, for the appellant.

I. The petition does not state facts sufficient to constitute a cause of action, as it fails to show that the agreement set up was violated. *Scott v. Robards*, 67 Mo. 289; *Minor v. Rogers Coal Co.*, 25 Mo. App. 84.

II. The instruction given to plaintiff is not the law of this case. It declares a wrong measure of damages. The contract is not one of indemnity, but a contract to pay a particular note, and the true measure of damages is the amount of the note and the interest. *Rowsey v. Lynch*, 61 Mo. 564; 2 Suth. on Damages, 603-613; *Churchill v. Hunt*, 3 Denio (N. Y.) 326. The obligation was not to pay a judgment. If the contract shown by either the petition, or by the evidence of the plaintiff, was a contract for indemnity only, then plaintiff could not recover without alleging and proving that he had paid the Dill debt, and then the measure of damages would be such only as was the natural and proximate result of defendant's failure to pay, which could only be the amount of the note he had paid and interest. He could not recover for what remained unpaid, or for value of use of his property. *Ewing v. Reily*, 34 Mo. 116; *Rowsey v. Lynch*, 61 Mo. 562; Sutherland on Damages, 19, 173, 128, 129, 148, 149, 150, 154; *Davis v. Fish*, 48 Am. Dec. 387; *Hughes v. Hood*, 50 Mo. 350; *Saunders v. Beauvoirs*, 52 Mo. 50; *Hyatt v. Railroad*, 19 Mo. App. 293.

III. Plaintiff cannot recover in this case the balance due on the judgment of Dill against plaintiff. Defendant's promise was to pay the note due Dill, not the judgment; and it was not shown that the amount due on the note and amount due on judgment were the same. *Churchill v. Hunt*, 3 Denio, 326.

IV. The verdict should have been for the defendant upon the evidence. The evidence was at variance

with and did not support plaintiff's petition. The petition charges a promise of both the defendant and Vanstone to "pay off several different debts of plaintiff, and prevent creditors of plaintiff from recovering judgment against him and selling his property under execution," while the evidence shows a promise of defendant alone "to pay a note due to Dill," and "so give him the use of his mules and other property to raise a crop." And shows, further, that the other debts had been paid off and plaintiff discharged from liability on account thereof at the time the promise was made.

V. It is not pretended that plaintiff, or any other person, ever requested defendant to pay the Dill debt, or that he was ever notified or informed that Dill had instituted suit, or that any judgment had been rendered, or that any property had been levied upon or sold. The evidence shows nothing as to the Dill note, except that there was such a note held by Dill. It fails to show the amount due upon it. It fails to show whether it had been paid at the time of the institution of the suit. It fails to show that plaintiff had paid any part of it, or that any part of it remained unpaid, or that plaintiff was in any way liable upon it at the commencement of this suit.

VI. The verdict, in any view of the case, was excessive, being for twenty-five dollars more than shown by the evidence, the evidence showing one hundred and fifty-three dollars balance due on judgment and of one hundred and fifty dollars, value of use of mules, wagon, and harness, while the verdict is for three hundred and twenty-eight dollars.

No brief for the respondent.

HALL, J.—This suit was instituted by the plaintiff against the defendant and one James S. Vanstone. At the trial the suit was dismissed as to Vanstone. The

suit was based upon an alleged promise made by the defendant and said Vanstone to pay off certain debts owed by plaintiff, and to prevent the plaintiff's creditors from recovering judgment against him and selling his property. Among the plaintiff's debts was one evidenced by a promissory note executed by him and payable to one Dill. In consideration of the promise thus made by defendant and said Vanstone, the plaintiff, it was alleged, executed a note to the defendant for an amount about equal to all of the indebtedness mentioned, and gave a mortgage or deed of trust on certain personal property to secure the payment of the note thus executed. It was alleged that the defendant and Vanstone permitted Dill to recover judgment on the note held by him against the plaintiff, and that, under an execution issued on said judgment, the plaintiff's property mentioned in the deed of trust was seized, and certain items of it were sold to his injury, etc.

In support of the allegations of his petition, the plaintiff testified: "That on the eighth day of January, 1886, defendant, Crum, agreed with him that if plaintiff would execute him a new note, and secure the same by deed of trust on personal property mentioned in the petition, he (Crum) would pay off the Dill debt and the amount paid by Vanstone as plaintiff's surety, and give plaintiff until August 8, 1886, to pay off the new note, and so give him the use of his mules and other property to raise a crop." This is all the evidence introduced for the plaintiff, as appears from the appellant's abstract of the record—the respondent has filed neither an abstract of the record nor a brief, etc.— bearing upon the contract made by the defendant with plaintiff.

Under this state of the proof, the court gave the following instruction for the plaintiff.

"1. The court instructs the jury that if they believe, from the evidence, that the deed of trust read in evidence dated January 8, 1886, from plaintiff to Van-

stone, as trustee for defendant, and the note which the same was given to secure, were executed upon the faith of a promise, made at the time by defendant, that the defendant would pay off or discharge the note of plaintiff to Dill, which was read in evidence, *and save plaintiff's property described in said deed of trust from being taken or seized for the payment of said Dill note during the cropping season of 1886, or until August 6, 1886,* and that defendant failed to comply with said agreement, and failed to pay, or otherwise satisfy, said note, and that said Dill sued and obtained judgment on said note, and obtained an execution thereon, and that, on the third day of March, 1886, the sheriff, acting under said execution, levied upon and seized the property described in the sheriff's return, read in evidence, while in plaintiff's possession, and afterwards sold said property under said execution, then the jury should find for plaintiff, and so finding, assess his damage at such sum as the evidence shows remains unpaid on said judgment of *Dill v. Sturgess*, and also such further sum as the evidence shows the mules and wagon and harness would have been worth to plaintiff during said cropping season of 1886, up to August 6, 1886, not exceeding the amount claimed in the petition."

For so much of the above instruction as is included in the words italicised there was no evidence. The plaintiff simply testified to an agreement by the defendant to pay certain of plaintiff's debts, including the Dill note, and from this payment, in connection with the time fixed for the maturing of the new note given by plaintiff to defendant, it was to result that plaintiff would have the use of his mules and other property to raise a crop. But the plaintiff did not testify to any agreement by the defendant to prevent a judgment on the Dill note, or to save the plaintiff's property from seizure in payment of such judgment. The agreement testified to, in so far as concerns the Dill note, was simply to pay it. Hence the measure of recovery on account of that note was the amount of it with interest.

*Ham v. Hill*, 29 Mo. 275 ; *Rowsey v. Lynch*, 61 Mo. 564 ; 2 Sutherland on Dam. 612–13. For declaring otherwise the instruction was erroneous.

Judgment reversed and cause remanded. All concur.