J. G. DILL, Appellant, v. W. H. CRUM, Respondent.

Kansas City Court of Appeals, March 3, 1890.

Contract: BREACH OF: MEASURE OF DAMAGES. S. gave his note to C. The consideration therefor was that C. would pay S.'s debts and prevent S.'s creditors from recovering judgment against him and selling his property, and give S. the use of his stock during the cropping season. C. suffered a breach of his contract by permitting D. to recover a judgment and sell S.'s stock. *Held* that the measure of S.'s damages was the amount of D.'s judgment and interest. (SMITH, P. J., *dissenting*, holds that S. is entitled to recover any damages in addition to the amount of D.'s judgment, which he can prove he has sustained in respect to his work stock that naturally, reasonably and approximately resulted from the breach of the contract.)

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

Dill v. Crum.

*Yerby & Vance* and *Davis & Wingfield*, for the appellant.

The court having passed on the law in this case when it was here at the March term, 1888, in the style of *Sturgess v. Crum* upon the authorities then cited, we call attention to said decision with the authorities therein cited as being the law of governing in this case.

*Samuel Boyd* and *F. P. Sebree*, for the respondent.

The court properly overruled the plaintiff's offer to prove damages suffered by plaintiff by the sale of his mules, etc. The contract, set forth in plaintiff's petition, was not a contract of indemnity, but a contract to pay a particular debt, and the true measure of damages was the amount of that debt and interest. *Ham v. Hill*, 29 Mo. 275; *Rowsey v. Lynch*, 61 Mo. 564; 1 Sutherland on Damages, p. 28, and 3 Suth. Dam., pp. 603, 604, 611, 612, 613; *Sturgess v. Crum*, 29 Mo. 645.

SMITH, P. J.—This suit was brought by J. H. Sturgess against the defendant to recover damages for the breach of a contract. The petition alleges that Sturgess executed his note to defendant for four hundred and fifty-three dollars due seven months after date, and to secure which he executed a deed of trust on certain horses, mules, cows, wagon, harness and a half interest in one hundred acres of a crop of growing wheat; that the consideration for which the note and deed of trust were executed was an agreement entered into between Sturgess and defendant, whereby defendant bound himself to pay off all the then existing indebtedness of Sturgess and prevent his creditors from recovering judgment against him and selling his property, and to give him the use of his property during the cropping season of the year 1886; that the amount of said note represented the indebtedness of said Sturgess at that

time; that the defendant did not pay off said indebtedness but permitted one of his creditors, Dill, who is plaintiff herein, to obtain judgment against him, and to satisfy an execution issued thereon to seize and sell his said mules, harness and wagon, before the maturity of said note, etc., whereby he was damaged in the sum of fifteen hundred dollars. Sturgess, the original plaintiff, assigned and transferred his said cause of action on the record to the present plaintiff.

The answer admitted the execution of the note and deed of trust, but denied the other allegations of the petition. There was further specially pleaded, new matter as a complete defense, but as the questions, which we shall presently consider, have no relation thereto it is deemed unnecessary to set the same forth here. At the trial Sturgess testified "that the consideration for said note and deed of trust, so executed by him to the defendant, was to pay off all his indebtedness aforesaid, *and prevent his creditors from recovering judgment against him and selling his property under execution, and give him the use of his stock during the cropping season of 1886.*" There was other evidence which it is needless to state for the purposes of a full understanding of the case as will presently appear.

Plaintiff offered to prove the damages that were done him by reason of the sale of his property under said execution besides the damage done by the non-payment of the Dill judgment, to which defendant objected on the ground *that no further damages could be proved or shown than that represented by the judgment in favor of said Joseph G. Dill*, which objections being heard by the court, were by the court sustained, and plaintiff excepted to the ruling of the court at the time.

Plaintiff then offered to prove that by the failure of defendant to pay off the Dill note as he had agreed to do in consideration for the giving of said note of four hundred and fifty-three dollars and deed of trust securing the same, he was greatly damaged on account of his

Dill v. Crum.

not having his stock to make his crop of corn. That by reason of his stock being sold he could not make a crop of corn or save his wheat crop, and he had suffered damages independent of his debt paid off under said execution in favor of Dill, over fifteen hundred dollars, which proof was objected to by defendant and his objections sustained by the court, to which ruling of the court the plaintiff excepted at the time and thereupon took a non-suit with leave to move to set the same aside. From the judgment of non-suit the plaintiff has appealed.

I. When this case was here on a former occasion (29 Mo. App. 640) Judge HALL, who then delivered the opinion, remarked that "the plaintiff simply testified to an agreement by defendant to pay certain of plaintiff's debts including the Dill note, and, from this payment in connection with the time fixed for the maturing of the new note given by plaintiff to defendant, it was to result that plaintiff would have the use of his mules and other property to raise a crop; but the plaintiff did not testify to any agreement by defendant to prevent a judgment on the Dill note or to save the plaintiff's property from seizure in payment of such judgment. The agreement testified to in so far as concerns the Dill note was simply to pay it—hence, the measure of recovery on account of that note was the amount of it with interest."

But the record now before us discloses that the agreement went further, and that the defendant thereby undertook to protect Sturgess in the use of his work animals, etc., during the cropping season of 1886, so that the question now arises whether the measure of the plaintiff's right of recovery has not been enlarged and extended by reason of the violation of the said suppletory obligation of the said agreement.

Is the measure of the plaintiff's recovery to be restricted to the amount of the Dill note with interest?

If the agreement, as testified to by Sturgess, was that defendant bound himself to pay off all of his debts and prevent his creditors from recovering judgment thereon and selling his property under execution, and to secure him in the use of his stock for the cropping season of 1886, then may there not be a liability of defendant beyond the amount of the Dill note? This question must be determined by an examination of the principles of the law of damages that may be applicable thereto.

In *Hadley v. Baxendale*, 9 Exch. 353, ALDERSON, J., in declaring the scope of recovery for the breach of a contract, stated that "when two parties have made a contract which one of them has broken, the damages which the other ought to receive in respect to such breach of contract should be such as may fairly and reasonably be considered either as arising naturally, that is according to the contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract as the probable result of the breach of it. Now, if the special circumstances under which the contract was actually made were communicated by plaintiff to the defendants and thus known to both parties, the damages resulting from the breach of such contract which they would reasonably contemplate would be the amount of injury which would ordinarily follow from a breach of contract under the special circumstances so known and communicated."

The recovery must be confined strictly to the immediate consequences. The general principle of compensation is that it should be equal to the injury. It is a rule based upon this principle that the amount of the benefit which a party to a contract would derive from its performance is the measure of his damages if it be broken. *Alder v. Kughly*, 15 M. & W. 117.

It is a rule of interpretation that what was contemplated by the parties is to be ascertained from the

whole contract, considered in connection with the surrounding circumstances known to both parties. If it appears by these surrounding circumstances that the contract was entered into and known by both parties to be entered into, to enable one of them to serve or accomplish a particular purpose, the liability of the other for a violation of the contract will be determined and the amount of damages fixed with reference to the effect of the breach in hindering or defeating that object. 1 Sutherland on Dam. 79, 80.

*Haumen v. Schoenfelder,* 47 Wis. 455, was where plaintiff was a butcher and the defendant agreed to furnish him with what ice he might require for his ice box for a season, knowing that the plaintiff needed that ice to preserve fresh meat. The defendant during the hot weather refused to furnish any ice, in consequence of which the butcher lost considerable meat which spoiled for want of ice, and in which it is said that "if the defendant knew for what purpose the ice, agreed to be furnished by him, was to be used he should fully indemnify the plaintiff for the loss he sustained by the non-delivery of the ice; and he was justly chargeable in damages for the meat spoiled in consequence of the inability of the plaintiff to procure ice elsewhere. This case was not one of simple contract of sale. The special circumstances which were known to both parties made it more than that in its aims and consequences, although the terms in which it was made, considered alone, imported only a contract of sale. The principle that the injured party is entitled to compensation proportionate to the actual injury is paramount and overrides any rule not adopted to measure compensation in such cases. When the violation of a contract appears, the alleged loss or injury must be shown to be the natural or proximate result of such violation. The relation of cause and effect must exist between the alleged cause and the alleged injury.

The application of these principles will be found variously illustrated in the following cases to which I must content myself with a bare reference : *Davis v. Talcott,* 14 Barb. 611; *Haven v. Wakefield,* 39 Ill. 507; *Vaintsdale v. Randall,* 82 Ill. 63; *Rogers v. Bemis,* 69 Pa. St. 432; *Hobbs v. Davis,* 30 Ga. 423; *Prosser v. Jones,* 41 Iowa, 61; *De Wint v. Wiltse,* 9 Ward, 325; *Taylor v. Greene,* 13 Mo. 517; *State v. Thomas,* 19 Mo. 613.

The cardinal rule in relation to damages to be compensated on the breach of a contract, that the plaintiff must establish the *quantum* of his loss by evidence from which the jury will be able to estimate the extent of the injury, will exclude all such elements of injury as are incapable of being ascertained by the usual rules of evidence to a reasonable degree of certainty. An instance of such uncertain damages as the loss of the value of a crop for which seed had been sown, the yield of which would depend upon the contingencies of weather, season, etc., would be excluded as incapable of estimation with the degree of certainty which the law exacts in the proof of damages ; but, if the crop has been sown and the ground prepared for cultivation and the complaint is that because of the inferior quality of the seed a crop of less value is produced, by these circumstances the means would be furnished to enable the jury to properly estimate the injury. *Rhodes v. Beard,* 16 Ohio St. 573; *Walcott v. Mount,* 36 N. Y. (Law) 271.

The agreement entered into between Sturgess and defendant in express terms provided that the defendant should pay all the indebtedness of Sturgess then existing and prevent his creditors from recovering judgment against him and selling his property under execution, and to give him the use of his stock during the cropping season of 1886. We held when the case was here before that the evidence showed that the defendant had only bound himself by his agreement to

pay the Dill note, and that for a failure to do so the measure of his liability was the amount of the note and interest, but as it now appears the defendant further bound himself to protect Sturgess in the use of his stock during the cropping season of 1886. Applying the rule stated in *Hadley v. Baxendale, supra,* for the ascertainment of damages which are recoverable for breach of contract, namely, that they be such as arise naturally, *i. e.,* according to the usual course of things, from such breach of contract itself, why may not plaintiff recover damages against defendant for the failure to protect Sturgess in the use of his work stock for the cropping season of 1886?

If the plaintiff can show an injury directly and proximately resulting from such breach of said agreement, it seems to me there is no legal impediment to his recovery. This was not a simple contract for the payment of money by defendant, but coupled with this obligation was another to protect Sturgess in the use of his work stock for a stated period of time. If damages have resulted from the violation of both of these undertakings, can it be contended that the damages allowed for the breach in respect to the Dill note will compensate for those resulting from a violation of the breach in respect to the work stock? If this be true the agreement would have been as comprehensive and effective without the undertaking to protect Sturgess in the use of his work stock as with it. Such a construction of the agreement, except as to the promise to pay the Dill note, would render it a mere nullity. This is without reason and cannot be sustained.

If the agreement to protect Sturgess in the use of his work stock was as binding an obligation as that to pay the Dill note, and if the damages are recoverable by plaintiff for the breach of the one, it is quite difficult to discover any sufficient reason why he may not for the other. The rule interpreting a contract is that

such meaning must be given it, if possible, as will give effect to all of its parts. *Shecker v. Chouteau et al.*, 10 Mo. App. 241.

It may be that the plaintiff can prove that he has sustained damages on account of the breach of the agreement in respect to his work stock, that naturally, reasonably and proximately resulted from such breach according to the terms of the agreement, and which are not affected with the fatal uncertainty and remoteness which would preclude a jury from investigating and considering the same.

The ruling of the circuit court was that in proving his damages the plaintiff was restricted to the amount of the Dill note and interest; I think this was error. Whether the plaintiff can show, under the rules which I have indicated, that he has sustained any further damages, I am unadvised. All I mean to now decide, is, that it is possible that the plaintiff may have sustained damages by reason of the breach of said agreement beyond the amount of the Dill note, and if so that he should be permitted in conformity with the principles and rules of law, to which I have referred, to prove the same.

For these reasons I think the judgment of the circuit court ought to be reversed and the case remanded for further trial in accordance with the principles herein announced.

It follows therefore that I dissent from the opinion expressed by the majority

Gill, J.—I cannot concur in the foregoing opinion, and for the following reasons, briefly stated : When this case was here before (29 Mo. App. 644) Hall, J., in rendering the opinion of the court—reversing and remanding the cause for misdirection of the jury—used this language :

"The plaintiff simply testified to an agreement by the defendant to pay certain of plaintiff's debts,

Dill v. Crum.

including the Dill note, and from this payment, in connection with the time fixed for the maturing of the new note given by plaintiff to defendant, it was to result that plaintiff would have the use of his mules and other property to raise a crop."

It was held that this was, in so far as it related to the Dill note, simply an agreement to pay it—was an obligation by defendant to pay a particular debt made and owing by Sturgess (at that time the plaintiff). Hence, it was there held that, defendant's agreement, being simply a contract to pay a particular debt, the measure of damages was the amount of such debt with interest—nothing more, nothing less. That such is the well-settled law, on such a state of facts, is shown by the authorities there cited by Judge HALL. Now it seems to me the circuit judge has done nothing more, at the second trial of the case, than to pursue the law thus declared, and that no error was committed by a rejection of the evidence tending to show other and further damages than the amount of the Dill note and interest thereon.

The abstract now before us, as prepared by appellant, makes this statement of the same witness' testimony at the second trial: "Witness further stated that the consideration for said note and deed of trust so executed by him to the defendant was to pay off all his indebtedness aforesaid and prevent his creditors from recovering judgment against him and selling his property under execution, and give him the use of his stock during the cropping season of 1886."

The only difference between the evidence at the last trial and that of the same witness at the first trial is, that at the first hearing Sturgess testified to an agreement by defendant to pay the several debts owing by him (Sturgess) so as to protect his property from judgment and execution, while at the last trial Sturgess swears, in substance, that defendant agreed to pay such

debts, and thereby, as a necessary result, prevent judgments and executions against his property.

The word *thereby* is not used, though it would seem clearly so understood. It is clear to my mind from Sturgess' testimony that defendant's undertaking was simply to pay certain specified debts, then owing by Sturgess, which aggregated just four hundred and fifty-three dollars, the *exact* amount of the note of Sturgess to defendant. The defendant failed to pay the Dill note (one of the debts thus agreed to be paid) and therefore should be held in this action for the amount of such debt and interest and nothing more.

The ruling of the circuit court was in accordance with this view, and in my opinion its judgment should be affirmed. Judge ELLISON concurs in this opinion, and the judgment of the circuit court will therefore be affirmed. It is so ordered.