## CENTRAL GEORGIA POWER COMPANY *v.* FINCHER.

1. The contentions in this case on the subject of venue are controlled by the decision in *Central Georgia Power Co.* v. *Stubbs,* ante, 172. See also *Central Georgia Power Co.* v. *Pope,* ante, 186 (80 S. E. 636, 642).

2. A petition, filed in 1912, alleged that the defendant caused a nuisance by backing water in a stream which ran alongside of a described tract of land on which he and his family lived during the year 1911, causing them to become sick with malarial fever, and forcing them to abandon their home and move from the place. It further alleged: "He was unable, on account of said sickness, to gather his 30-acre cotton crop, and lost thereby four bales of said cotton crop of the value of $200; he also lost his pea crop of the value of $40, potato crop of the value of $50; paid Dr. Holmes medical bill $117; expense for moving $100; making a total of $507. He is unable to rent his place this year, of the value of $150; the land is permanently decreased in the market value of $10 per acre; total $1,187." *Held:*

(*a*) The allegations in regard to the pea crop and the potato crop lost on the land were not subject to special demurrer.

(*b*) It was not necessary to set out the number of visits paid by the physician, and a ground of special demurrer which stated that the "defendant demands a full itemized bill of particulars as to this item" was properly overruled.

(*c*) The allegation as to the expense of moving was not demurrable on the ground that it was not the proximate result of the alleged nuisance, or that there should be an itemized statement of the elements of expense involved in the moving.

(*d*) The allegation that the land is permanently decreased in the market value of $10 per acre, without stating what was claimed to be its value, was subject to special demurrer. *City Council of Augusta* v. *Marks,* 124 *Ga.* 365 (6), (52 S. E. 539).

(*e*) An allegation in another paragraph of the petition that, in consequence of the sickness of himself and family and their inability to gather the crops grown on the land in the year 1911, the plaintiff lost such crops, of the value of $290, with no further description of such crops thus valued in bulk, was subject to special demurrer.

3. Except as above indicated, there was no error in overruling the demurrers on the grounds set out in them.

DECEMBER 19, 1913.

Action for damages. Before Judge Roan. Newton superior court. November 30, 1912.

*Hatcher & Smith* and *Greene F. Johnson,* for plaintiff in error. *Rogers & Knox,* contra.

LUMPKIN, J. 1. It is unnecessary to add anything on the subject of venue to what has been said in the decision in *Central Georgia Power Company* v. *Stubbs,* ante, 172 (80 S. E. 636).

2. The question of the extent to which a plaintiff must go in

specifying items of expense, a physician's bill, and the like, when called for by special demurrer, is not always one of easy solution. The ·special demurrer, or (its equivalent in some jurisdictions) a motion to make averments definite, has its legitimate uses. To allow a pleader to claim special damages under mere general allegations, in spite of proper objection raised thereto, would be to allow one party to take undue advantage of the other. The defendant who is called on to defend against such a claim of damages is entitled to be informed with reasonable distinctness and plainness what he is required to meet. He can not be attacked under cover of vague and loose generalities in pleading. On the other hand, it is not a legitimate function of a special demurrer to compel a pleader to allege his cause or claim with unnecessary detail and useless specification, nor is it a mere means of laying a foundation for a reversal after the loss of a case. Between these two extremes lies the golden mean of justice. In an action based upon a tort, the defendant is entitled to be fairly and reasonably put upon notice of what he is called upon to defend. If special damages are claimed, they should be alleged with such substantial fullness and specification as the facts and nature of the case reasonably admit of; but unnecessarily minute and detailed statements are not required, nor is a plaintiff compelled to plead his evidence for the benefit of the defendant. It will be seen, that, while the rule can be readily stated, its application must depend to some extent upon the nature and facts of the particular case, and it is not easy to set out in advance what will be sufficient in different cases with various claims and allegations. It must be borne in mind that we are now dealing with actions of tort, not those of contract.

Mr. Chitty, in dealing with the question of the necessity of averring the particular cause and extent of any special damage, says: "Damages are either general or special. General damages are such as the law implies or presumes to have accrued from the wrong complained of. Special damages are such as really took place and are not implied by law; and are either superadded to general damages arising from an act injurious in itself, as where some particular loss arises from the uttering of slanderous words actionable in themselves; or are such as arise from an act indifferent and not actionable in itself, but injurious only in its consequences, as where words become actionable only by reason of special damages

ensuing. . . It does not appear necessary to state the formal description of damages in the declaration, because presumptions of law are not in general to be pleaded or averred as facts. . . But when the law does not necessarily imply that the plaintiff sustained damage by the act complained of, it is essential to the validity of the declaration that the resulting damage should be shown with particularity. . . And whenever the damages sustained have not necessarily accrued from the act complained of, and consequently are not implied by law, then, in order to prevent the surprise on the defendant which might otherwise ensue on the trial, the plaintiff must in general state the particular damage which he has sustained, or he will not be permitted to give evidence of it." Compare Civil Code (1910), § 4507. In 13 Cyc. 176, it is said: "If the damages sought to be recovered are those known as special damages, that is, those of an unusual and extraordinary nature, and not the common consequence of the wrong complained of or implied by law, it is necessary in order to prevent surprise to the defendant that the declaration state specifically and in detail the damages sought to be recovered." In regard to the degree of specification required it is said on page 179: "As the sufficiency of the allegations of special damages must necessarily be determined by the facts and circumstances of the particular case, no general rule can be formulated by which the sufficiency of the complaint may be judged; it is necessary that facts showing how the special damages arose be stated, although it is not required that one should set forth his evidence; and where such damages are properly pleaded they may be recovered, although the prayer for relief be a general one. Inasmuch as the purpose of alleging such damages with particularity is to prevent surprise to the opposite party, it may be broadly stated that where the allegations are definite enough to fully apprise such party of the probable evidence which will be introduced by the pleader, and to enable him to prepare his defense accordingly, the allegations will be deemed sufficient." Some courts have held that physicians' bills, expenses of nursing, and the like may be ranked as general damages, and may be recovered without any special averment in regard to them. Others have held that such elements of recovery are to be ranked as special damages, and must be specially averred. 5 Enc. Pl. & Pr. 750, 751; Watson on Damages, § 542; Turney v. Southern Pacific Co., 44 Oregon, 280

(75 Pac. 144); 1 Bates, Pl. & Pr. 291, 292. In this State the latter view has been adopted. *Holland* v. *McRae Oil &c. Co.,* 134 *Ga.* 678 (2), 679 (68 S. E. 555); *Bradstreet Co.* v. *Oswald,* 96 *Ga.* 396 (23 S. E. 423); *Southern Ry. Co.* v. *Ward,* 110 *Ga.* 793 (36 S. E. 78).

It being necessary in this State to allege the incurring of such expenses, the next question which arises is with what degree of specification must they be averred. On this subject there is some diversity of authorities outside of this State. Our own code, which declares that in suits in the superior courts the petition of the plaintiff shall plainly, fully, and distinctly set forth his charge, ground of complaint, and demand, furnishes a general guide. Civil Code (1910), § 5538. In applying the rule, it must not be forgotten that rules of this character are means for reaching an end— the application of substantial law and the doing of justice. They should be applied with that view, and not be treated as mere technical rules of a legal game. But in the application of the rule the decisions have sometimes required a considerable degree of specification. The writer is inclined to think that they have occasionally gone quite far in requiring detailed or itemized statements from a plaintiff in such cases. In the absence of any review of such decisions, they stand as controlling rulings to the extent to which they go, and as to the facts to which they apply; but this court is not inclined to go further in the line of requiring detailed or itemized statements of such expenses to be made. This is the basis of the grounds of demurrer with which we are now dealing, and we confine ourselves to them.

In *Western Union Tel. Co.* v. *Griffith,* 111 *Ga.* 551 (36 S. E. 859), an allegation that a plaintiff was "forced to incur an expense of $—— for medical attention and nursing," was held to be subject to special demurrer. In *Turley* v. *Atlanta, Knoxville etc. Ry. Co.,* 127 *Ga.* 594 (56 S. E. 748, 8 L. R. A. (N. S.) 695), a paragraph of the plaintiff's petition which alleged in general terms, that, "on account of said injuries, petitioner's medical bill, loss of time, and nurse's attention has caused, and is well worth, the sum of $150, and he will continue to have medical attention for a long time to come," was declared to be subject to special demurrer. While the demurrer stated that there was no itemized bill or bill of particulars of the medical bill, loss of time,

or nurse's attention sued for, it will be seen that the petition included in one general allegation the medical bill, loss of time, and nurse's attention, averring that they were together worth the sum of $150. This did not, therefore, go to the extent of holding that there must be an itemized account of each visit of the physician, or of the exact extent of the nursing, or other like details. In *Louisville & Nashville R. Co.* v. *Barnwell,* 131 *Ga.* 791 (63 S. E. 501), an allegation that, by reason of an injury inflicted upon him, the plaintiff "has had to pay for physician's bill and nurse and medicine $55 or other large sum," which included three items amounting to a specified amount "or other large sum," was subject to special demurrer. But it was also declared that unnecessarily minute and detailed statements were not required. See, also, in this connection, *Fontaine* v. *Baxley,* 90 *Ga.* 416 (17 S. E. 1015). In *Louisville & Nashville R. Co.* v. *Bradford,* 135 *Ga.* 522 (69 S. E. 870), a round sum was stated as covering medical attention and nursing; and it was held, on the authority of *Louisville & Nashville R. Co.* v. *Barnwell,* supra, that this was subject to special demurrer. In *James* v. *Central Railway Co.,* 138 *Ga.* 415 (75 S. E. 431, 41 L. R. A. (N. S.) 795, 29 Ann. Cas. (1913D) 468), an allegation that the plaintiff was put to the expense of $104 as funeral expenses was held subject to special demurrer.

It will be seen that in each of the cases above cited, in which special damages arising from a tort were averred, except the last, the allegation set out one sum as covering two or three different things, such as medicines, physician's bills, and nursing. In the last-mentioned case, the averment of a sum as covering funeral expenses was considered as possibly including more than one character of expense, such as a cemetery lot, the undertaker's charge, shipping the corpse, or other things, and as falling within the ruling already laid down. It may be mentioned also that the main question in that case was the right to sue for the homicide of a very small child, alleging its capacity to perform services; and this was the point principally discussed. The judge of the trial court also required some further specification in regard to the funeral expenses, and allowed thirty days in which to amend. Within that time the plaintiff tendered a bill of exceptions and brought the case to this court.

It has not been held that in making averments of special dam-

ages there must be an itemized account going into minute particularity. On the contrary, in several of the cases above mentioned this court took occasion to state that this would not be required.

The allegations set out in the second headnote, in regard to the loss of the plaintiff's pea crop and his potato crop, the medical bill incurred by him, and the expense of moving, were not subject to special demurrer. Except as stated in the headnotes there was no error in overruling of the demurrer on the grounds stated therein.

*Judgment affirmed in part, and reversed in part, with direction. All the Justices concur.*