## CENTRAL GEORGIA POWER COMPANY *v.* PARKER.

A hydroelectric company, authorized to exercise the right of eminent domain, obtained by purchase certain land and erected a dam which caused backwater. An owner of adjacent land brought suit to recover damages, alleging that the work was negligently done, causing stagnant water which produced noxious gases and disease-bearing mosquitoes, which caused sickness and injured the property of the plaintiff, whereon he lived, and which was cultivated. Among other items of damages, it was claimed that croppers who cultivated a portion of the plaintiff's place were made sick and moved away, leaving the crops ungathered, and that by reason of sickness the plaintiff could not gather all of them, whereby some of the crops for a certain year were lost or deteriorated in value. *Held,* that such items of damage were too remote and speculative to furnish ground for a recovery on the basis of the value of the crops thus lost.

(*a*) The charge of the court on this subject was erroneous.

(*b*) If the plaintiff seeks to recover on account of sickness of himself and family, or for deterioration in rental or market value of his property, or interference with the comfortable enjoyment of his home on account of the alleged nuisance, it is unnecessary at this time, and with the present pleadings and evidence, to lay down rules as to the measure of damages, if there should be a recovery. The present ruling is confined to the case as made by the errors assigned, and deals especially with the error in the charge of the court as to a recovery on account of the loss of certain crops cultivated by croppers who became sick and moved from the place.

(*c*) Some of the grounds of the motion for a new trial are controlled by the decision in *Central Georgia Power Co.* v. *Pope,* ante, 130 (86 S. E. 322) ; some were abandoned; and some require no discussion.

SEPTEMBER 22, 1915.

Action for damages. Before Judge Reid. Newton superior court. July 29, 1914.

*Hatcher & Smith* and *Greene F. Johnson,* for plaintiff in error. *Rogers & Knox,* contra.

LUMPKIN, J. In several respects this case is similar to that of *Central Georgia Power Co.* v. *Pope,* ante, 130 (86 S. E. 322) ; and what is there said need not be repeated. The plaintiff in this

case conveyed land to the power company, and the conveyance contained the same release from damages as was involved in that case. In the present case, however, the conveyance from the plaintiff included some land which, it was anticipated, would not be flooded, and this was leased by the power company to the plaintiff at a nominal rental of one dollar per annum. Damage is not claimed for injury to this land, but on account of other land of the plaintiff. The lease contained the following clause: "It is understood and agreed to by both parties to this lease, that the waiving of damages in the deed this day executed by said Parker to said Central Georgia Power Company, and deposited in escrow, does not include damages arising from sickness." This clause did not confer upon the plaintiff any right of action which he would not have had, had there been no release, but simply provided that damages of a certain character were not included in such release. The words "damages arising from sickness" did not confer upon the plaintiff any right to recover damages for sickness of people generally in the neighborhood, even though a tort to others may have incidentally caused some loss to the plaintiff, at least in the absence of wilfulness or intention to injure the plaintiff. *Central Georgia Power Co.* v. *Pope,* 141 *Ga.* 186 (80 S. E. 642). It has been held that there could be no recovery by a landowner for loss of the crops of a tenant because of sickness of the latter arising from a pond alleged to be a nuisance. *Central Georgia Power Co.* v. *Stubbs,* 141 *Ga.* 172 (80 S. E. 636).

One item of damage claimed by the plaintiff was the loss of 4000 pounds of cotton which, it was contended, could not be gathered because of sickness of the plaintiff, his family, and his croppers. It appeared from the testimony of the plaintiff that most of the cotton he claimed thus to have been lost was planted by croppers, who moved from the place on account of sickness, and did not return to gather the crops; that the plaintiff attempted to gather them, but could not gather all of them, and suffered the loss indicated above. The contention was that the crops either rotted in the field, or when gathered were of inferior quality. The court instructed the jury that the plaintiff contended that he was entitled to recover the value of 4000 pounds of lint-cotton claimed to have been destroyed on his place, which was worked by his croppers in the year 1911, and that if such loss proximately resulted

from a nuisance created by the defendant, the plaintiff was entitled to recover. A small portion of the crops claimed to have been lost were planted by the plaintiff. The charge just referred to did not deal with that separately, but considered the loss as a whole, and we will not discuss whether there would be any difference between the two.

It will be observed that the defendant did not physically invade the property of the plaintiff, or commit any direct trespass, or wilful tort, so far as the evidence discloses. Accordingly, cases like that of *Hobbs* v. *Davis, 30 Ga.* 423, are not applicable. If an injury to the health of a cropper was caused by the negligent construction of the dam or reservoir, and not wilfully, the person so injured might have a right of action; and this might include the value of lost time. If the plaintiff and his wife and children had been made sick, perhaps, with proper pleadings and evidence, he could recover for lost time occasioned to him and them. If the landowner could recover for the loss of crops being raised by the cropper, and also for time lost by himself and family on account of sickness, and the cropper could recover on account of time lost by him, it is evident that there might be duplicate recoveries. The title to the crop raised by the cropper is in the owner of the land, subject to the cropper's interest. Civil Code (1910), § 3707. Shall the landowner recover the value of the whole, as his damages? Suppose that a cropper had been killed by the negligent operation of a railway-train, certainly the landowner could not have recovered against the railway company because the cropper could not gather the crops and thereby loss resulted to the landowner. The crops were not flooded, nor was direct injury caused to them by the pond. But the contention is that the pond produced mosquitoes and noxious gases, that these made the croppers sick, that they moved away leaving the crops ungathered, and that the same causes also made the plaintiff and members of his family sick, and prevented them from gathering the crops. Indeed it was claimed that sickness was produced throughout the neighborhood from the same cause. There is a difference between a recovery for an injury to property and for a negligent injury to croppers preventing them from gathering the crops on the property. There is also a difference between an effort to recover the loss of rents or diminution in rental value of land by reason of damage to it, and the loss of specific crops caused

by the inability of croppers to gather them. Moreover, to estimate the value of cotton standing in the field on the basis of the number of bales which it would make, without making any allowance for the cost of gathering, baling, and marketing, would not present a proper measure of damages, if they were otherwise recoverable.

In *Central Georgia Power Co.* v. *Fincher,* 141 *Ga.* 191 (80 S. E. 645), the case arose on a demurrer to the plaintiff's petition. No contention was made that the plaintiff was not entitled to recover for the loss of crops which were not gathered, nor was any question of crops raised by croppers involved. It appears from the record of file in the office of the clerk of this court that the grounds of the special demurrer as to these matters were based, not on the fact that the plaintiff could not recover, but on the ground that the allegations were not sufficiently specific as to the description of the crops mentioned.

What is here said in no way conflicts with the recognized rule that the owner of a dwelling-house which he occupies as a home *is entitled to just compensation for annoyances and discomforts* to himself and family, including sickness, occasioned by the maintenance of a nuisance on adjacent premises. Nor is it necessary to discuss the question as to what evidence may be admissible to throw light on such claims of damages. But, under the pleadings and evidence in the case at bar, the loss of the specific crops of the croppers is too remote and problematical to be recoverable as a specific element of damages. It appears from what has been said that the court erred in its instructions on that subject.

The petition contained a reference to the provision of the constitution of this State which declares that private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid. But no constitutional question appears to have been decided in the court below, and no such question has been directly brought before this court for decision.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*