NATHANIEL SLEDGE, survivor, plaintiff in error, vs. PETER McLAREN, defendant in error.

The defendant in an attachment, has no right of action against the plaintiff in the attachment, for wrongfully suing out the attachment, unless that was done, with malice and without probable cause; and, in such action, when brought, the *onus* is upon him, the plaintiff in it, to show, that the attachment was taken out, with malice, and, without probable cause.

Case, in Muscogee Superior Court.    Tried before Judge WORRILL, at May Term, 1859.

This was an action on the case, brought originally by Birdsong & Sledge, against Peter McLaren, for maliciously and without probable cause, suing out an attachment against plaintiffs, whereby their business as merchants was greatly damaged—in fact broken up.   Damages laid at ten thousand dollars.   Pending suit Birdsong died, and the action proceeded in the name of Sledge, the surviving partner.

This is the second time this case has been before this Court, and the facts will be found fully reported in the *24th vol. Geo. Rep.*

Upon the former trial, the jury found for the plaintiffs $3,250 00, and upon a writ of error to this Court, the judgment was reversed, and the case remanded for a new trial.

At the May Term, 1859, of Muscogee Superior Court, the case coming up again for trial, the parties submitted their testimony, upon which no point was made in the Court below, or in this Court.

The Court below charged the jury, amongst other things, " that the plaintiff must prove a want of probable cause, or he cannot recover in this action, the foundation of which is malice, and without proof of malice plaintiff cannot recover. That plaintiff must prove a want of probable cause before defendant can be required to show that there was probable cause, and the want of probable cause is affirmative proof to be made out by the plaintiff." To which charge counsel for plaintiff excepted.

The jury found for the plaintiff one thousand dollars, and plaintiff filed his bill of exceptions, and assigned as error the charge of the Court above given.

WILLIAM DOUGHERTY, for plaintiff in error.

JOHNSON & SLOAN; and MOSES, contra.

*By the Court.*—BENNING J. delivering the opinion.

Was the charge of the Court right?

The charge asserts two propositions; one, that no right of action accrued to the plaintiff, against the defendant, unless the attachment of the defendant, against the plaintiff (and his deceased partner,) was taken out by the defendant, *with malice and without probable cause ;* the other, that the *onus* of proving the attachment to have been so taken out with malice and without probable cause, *was on the plaintiff.*

Were these propositions true?

We think that they were.

A rule of the common law, forbids one man to sue another, for having sued him, unless the suit of the latter, was with malice, and without probable cause. This rule extends, not merely to cases in which, the suit was on the criminal side of the Court, but also, to cases in which, the suit was on the civil side of the Court; or, to cases in which, the suit was the taking out of a commission in bankruptcy; the setting up of a claim to goods; the suing out of bail process, &c. See 2 *Green. Ev. sec.* 449.

And it is another rule of the common law, that, when one man sues another, for having sued him, the *onus* is on him to show these facts—to show, that the suit against him, was with malice and without probable cause. It is well settled that this is the rule of the common law. *Id. sec.* 454.

Is there, in the legislation of this State, any thing that repeals these rules of the common law? It is argued, for the

plaintiff in error, that there is—it is argued, that a part of the Attachment Act of 1799, repeals them; namely, the part which says, that the magistrate issuing the attachment, "shall take bond and security of the party for whom, the same may be granted, in double the sum to be attached, payable to the defendant, for satisfying and paying all costs which may be incurred by the defendant, in case the plaintiff suing out such attachment, shall discontinue, or be cast in his suit, *and also, all damages which may be recovered against the said plaintiff, for suing out the same.*" *Cobb Dig.* 70. The question turns on the words which I have put in italics. The plaintiff is to give bond and security, to the defendant, to pay him all damages that he may recover of the plaintiff, for the plaintiff's suing out of the attachment; that is to say, if the defendant in the attachment, shall sue the plaintiff in the attachment, for having sued out the attachment, and shall, in that suit, recover from him, any damages, this bond shall be a security for the payment of those damages. That is all. These words merely give a security for such damages as, the defendant in the attachment, may recover of the plaintiff in the attachment, in a suit brought against the plaintiff, for wrongfully suing out the attachment. They do not undertake to regulate that suit, at all; they do not say, what shall, or shall not, be the prerequisites of that suit; or, on which party in that suit, shall be the *onus* of proving any particular fact or facts. These things, they leave as they were before the passage of the Act. And before the passage of the Act, these things were subject to the common law rules aforesaid.

Then, there being nothing in this Act of 1799, to repeal the common law rules, the charge of the Court was right.

Indeed, if the charge had been wrong, that would not have been a ground for a new trial, because the verdict, notwithstanding the charge was for the plaintiff, and for $1,000. Therefore, one of two things, must be true, either the jury disregarded the charge, or, regarding it, they concluded, that

the attachment was taken out with malice and without probable. Either being true, the charge did not hurt the plaintiff. And therefore, the charge does not entitle him to a new trial, even if the charge was wrong.

Judgment affirmed.