ANTOGNOLI & COMPANY *v.* MILLER, and *vice versa.*

1. In testing the relevancy and sufficiency of matters of defense set forth in one of several paragraphs of a defendant's answer, the facts alleged in such paragraph are to be considered, not alone, but in the light of the allegations embraced in the other paragraphs of the answer relating to the same defense.
2. There was, in the present case, no abuse of discretion in ordering another trial, notwithstanding the verdict set aside was the second finding by a jury in favor of the prevailing party.

Argued November 15, — Decided December 9, 1902.

Complaint. Before Judge Henry. Floyd superior court. September 5, 1902.

*Denny & Harris,* for Antognoli & Company.
*Henry Walker,* contra.

SIMMONS, C. J. A petition was filed by Clarence L. Miller, in which the firm of A. M. Antognoli & Company was named as de-

fendant, and in which a promissory note for $188, and a due-bill for $45, both signed in the name of that firm and payable to the plaintiff, were declared upon. An answer was filed by the defendant partnership, in which it set up two defenses: (1) that payment of the note had been made to H. R. Miller, who was the authorized agent of the plaintiff to collect it; and (2) that the plaintiff was only the nominal holder of the note and due-bill, H. R. Miller being the real owner thereof, and, as such, having received payment in full of the indebtedness thereby evidenced. In support of this latter contention, the defendant alleged that H. R. Miller had been the proprietor of certain "bottling works" which were destroyed by fire; that, in order to conceal from his creditors the fact of his ownership thereof, he had conducted business in the name of the plaintiff, and, on receipt of the proceeds arising from a policy of insurance covering the property destroyed by the fire, had loaned a portion of the money so received to defendant, taking from defendant the note and due-bill payable to the plaintiff, with a view to giving fresh color to the tradition that he had been the owner of the bottling establishment. The allegations of fact relied on as supporting this line of defense were set forth in the answer in divers paragraphs, each separately numbered. To the answer a demurrer was interposed by the plaintiff, several grounds of which were sustained by the trial judge, and others of which were overruled by him. In those grounds of the demurrer which his honor declined to sustain, separate attacks were directed against designated paragraphs of the answer, which were assailed as containing matter which was wholly irrelevant and which constituted no defense to the action. The case proceeded to a trial on the merits, and resulted in a verdict in favor of the defendant. This was, it appears, the second verdict returned in the case, the first, which was also adverse to the plaintiff, having been set aside by the trial court. He made a motion for a new trial, which was granted, and the defendant sued out a writ of error to this court, in which complaint is made that the trial judge abused his discretion in ordering that the case undergo a still further investigation before a jury. By a cross-bill of exceptions the prevailing party below brings to this court for review the judgment overruling certain grounds of his demurrer to the defendant's answer.

1. The nature of these grounds has already been sufficiently in-

dicated.   Doubtless it is true that the allegations of fact set forth
in some of the paragraphs of the answer would not, taken alone,
constitute any reason why the plaintiff should not recover; but to
consider by itself each of these paragraphs is not the proper test
for determining the relevancy and sufficiency of the facts therein
pleaded.   Regarded as a whole, the answer unquestionably set up
a meritorious defense, upon which each of the paragraphs which
the court below declined to strike had a direct bearing.   That each
of them should contain a full and complete defense was unneces-
sary.   Indeed, to present an answer wherein the matters of defense
relied on are set forth in orderly and distinct paragraphs is a prac-
tice not only permissible, but one to be encouraged as conducive
to good pleading.

2. A careful scrutiny of the evidence introduced on the last trial
of the case has led us to the conclusion that none of the sanctity
which ordinarily attaches to a second verdict in favor of the pre-
vailing party can be claimed for that now under consideration. In
fact, we are by no means clear that the trial judge would have
been warranted in giving to it his approval.   The defendant part-
nership signally failed to establish its defense that H. R. Miller,
and not the plaintiff, was the real owner of the note and due-bill
upon which suit was brought.   Nor was there any satisfactory evi-
dence going to show that H. R. Miller retained in his possession
these papers and, as the authorized agent of the plaintiff, accepted
in his behalf payments thereon.   It appears that the firm of A. M.
Antognoli & Company had numerous business dealings with H. R.
Miller as an individual, became indebted to him in a considerable
amount, and made payments to him of money on divers occasions.
In no instance, however, was he directed to apply any payment to
the satisfaction of the note and due-bill held by the plaintiff.   On
the contrary, it would seem that there was no understanding be-
tween H. R. Miller and the defendant partnership that he was to
be regarded as the agent of the plaintiff with respect to the collec-
tion of either of these demands.   Certain is it that the authority
of H. R. Miller to thus act as the agent of the plaintiff was not
made to satisfactorily appear.   This being so, and there being no
proof either that H. R. Miller had the above-mentioned papers in
his possession at the time any payment was made to him by A. M.
Antognoli & Company, or that any of the money collected by him

from that firm ever reached the hands of the plaintiff, a recovery by him would seem to have been demanded. *Howard* v. *Rice*, 54 *Ga.* 52.

*Judgment affirmed, both as to the main and as to the cross bill of exceptions. All the Justices concurring, except Lumpkin, P. J., absent.*