## WARREN *v.* POWELL.

There must be a time averred in the writ, showing when every material or traversable fact transpires. The demurrer, attacking the petition on the ground that no time was stated, should have been sustained.

Argued December 15, 1904.— Decided January 30, 1905.

Action for damages. Before Judge Spence. Decatur superior court. May 16, 1904.

*A. H. Russell, W. M. Harrell,* and *A. G. Powell,* for plaintiff in error. *J. H. Gilpin* and *T. S. Hawes,* contra.

LAMAR, J. The suit was for damages for trespass in cutting timber. The petition set forth a cause of action. But the special demurrer on the ground that the date of trespass was not alleged should have been sustained and the case dismissed, unless the defect were cured. It is true, as contended by the plaintiff, that the statute of limitations is a defense which may be taken advantage of by plea. But where it appears on the face of the petition that the cause of action is barred, the defendant may take advantage thereof by demurrer; the better practice being for the demurrer itself to set forth in terms this special objection. *Coney* v. *Horne,* 93 *Ga.* 725. The rules of pleading have been adopted partly with a view of saving both the parties and the public the trouble and expense of an unnecessary trial. A defendant is not bound to avail himself of the benefit of the statute of limitations. But if he intends to do so, it would be a useless consumption of

time to enter upon the hearing and introduce evidence to establish the existence of a cause of action which the plaintiff admitted to be barred.    If by a special demurrer the latter attacks the sufficiency of the petition on the ground that no date is alleged, he is entitled to an order requiring the plaintiff to make such an averment, not only to enable him to know the time of the transaction referred to and to prepare his evidence accordingly, but also that he may thereafter demur if it should appear that the cause of action was barred, and thus avoid a useless hearing.    That time is usually material and necessary to be averred appears from the ruling in *Bond* v. *Central Bank*, 2 *Ga.* 100, where the court said, " It is certainly true that the writ must aver a time when every material or traversable fact transpired.    It must allege all the circumstances necessary for the support of the action,  . .  and the *time* and place with such precision, certainty, and clearness that the defendant, knowing what he is called upon to answer, may be able to plead a direct and unequivocal defense."    Andrews *v.* Thayer, 40 Conn. 156, is directly in point.    The action there was in trespass.    The only time laid in the declaration was the statement " that heretofore the defendant took and carried away the personal property " described.    There was a special demurrer that it did not appear in the declaration when the trespass was committed.    The court held that the demurrer was properly sustained.

· In the present case the defendant in due time and form made the objection.    The defect was not cured by amendment.    The demurrer was overruled, and the defendant forced to answer such defective petition.    Under the rule laid down in *Western Union Telegraph Company* v. *Griffith*, 111 *Ga.* 565, a new trial necessarily results.    *Judgment reversed.    All the Justices concur.*