*J. B. Jones* and *J. C. Edwards,* contra.

---

LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* BARNWELL.

ATKINSON, J. 1. In an action against a railroad company the petition alleged, among other things, as follows: The defendant in constructing its road-bed had thrown up an embankment ten or twelve feet high at a point where it was crossed by a public road, and extending for a distance of about fifty yards on the western side or approach to the crossing. The embankment was narrow, being only about fourteen feet in width at the approach to the crossing; and no safeguards or railings of any character were provided by the defendant along such approach to prevent vehicles or animals traveling along the public road from falling into the deep cut on either side of the high embankment. Prior to the construction of the railroad the public road at this point was level. While the plaintiff was approaching the crossing over the railroad to reach her home and was passing along the elevated approach so constructed by the defendant, which it was necessary to do in order to cross the railroad, the horse which she was driving became frightened at a pile of white slag and a railway car and backed so that the buggy ran off of the embankment and threw the plaintiff to the ground, seriously injuring her. The defendant was negligent in building the high embankment at the public crossing, in not providing railings or safeguards for it, and in not building it broader, it being only about fourteen feet wide when it should have been eighteen or twenty feet wide at such approach. *Held,* that such allegations of negligence in the manner of constructing and maintaining the approach to the railroad crossing, without safeguards or railings, were sufficient to withstand a special demurrer on the ground that it did not appear that there was any legal liability on the part of the defendant to erect railings or safeguards on the sides of the embankment, and that it did not appear how the negligence so alleged arose.

(*a*) The allegation that it was negligent to build the crossing fourteen feet wide, when it should have been about eighteen or twenty feet wide, was not sufficient to withstand a special demurrer on the ground

that it did not appear why the embankment should have been eighteen or twenty feet wide, or that fourteen feet was not a sufficient width for public travel, there being no allegation either that the approach to the crossing was narrower than the public road or other allegation to show why the width was insufficient.

(b) The cases of *Georgia R. Co.* v. *Mayo,* 92 *Ga.* 233 (17 S. E. 1000), and *City Council of Augusta* v. *Hudson,* 94 *Ga.* 135 (21 S. E. 289), involved the question of the sufficiency of the evidence to support a verdict.

2. Where the petition sought to allege that the piling of the slag near the roadway and the placing of the car near the crossing were acts of negligence, a statement that the defendant was "also negligent in piling said slag and placing said car so near the dirt road at said public crossing, thereby causing said horse to become frightened and unmanageable and causing the injuries to petitioner as herein set forth," without any allegation that the location and character of the slag and car were unnecessary or unusual or of such a character as to be calculated ordinarily to frighten horses travelling along the road, was subject to special demurrer on the ground that such allegation of negligence was insufficient, was a mere conclusion, without any statement of fact to authorize it, and failed to show any negligence upon the part of the defendant.

3. Under the ruling in *Ga. So. & Fla. Ry. Co.* v. *Cartledge,* 116 *Ga.* 164 (42 S. E. 405, 59 L. R. A. 118), evidence that after the injury to the plaintiff the railroad company caused the pile of slag to be removed, and banisters or railings to be placed on the sides of the embankment, was inadmissible; and correspondingly a paragraph of the plaintiff's petition which alleged such facts should have been stricken on demurrer thereto based on the ground that it was irrelevant and immaterial.

4. An allegation that by reason of the injury received the plaintiff "has had to pay for physician's bills and nurse and medicine $55 or other large sum," is subject to special demurrer on the ground that it does not specify how much the plaintiff has had to pay for physician's bills or how much for nursing or how much for medicines, and with whom the plaintiff has had to expend said amounts. Where such information is called for by special demurrer, it is the duty of the plaintiff to give it with such substantial fullness and specification as the facts and nature of the case reasonably admit of, though unnecessarily minute and detailed statements are not required. *Turley* v. *Atlanta Ry. Co.,* 127 *Ga.* 594 (56 S. E. 748, 8 L. R. A. (N. S.) 695); *Bradstreet Co.* v. *Oswald,* 96 *Ga.* 396 (23 S. E. 423); *Fontaine* v. *Baxley,* 90 *Ga.* 416 (17 S. E. 1015); Russell *v.* Giblin, 8 N. Y. St. 336.

5. The petition was not subject to general demurrer. *City of Atlanta* v. *Wilson,* 59 *Ga.* 544; *Howington* v. *Madison County,* 126 *Ga.* 699 (55 S. E. 941).

6. The charge that "if the horse did not get frightened as the plaintiff contends that it did, but on its own motion, without any cause, backed off of the embankment, then the plaintiff could not recover," was not an accurate statement of the law applicable to the case and was calculated to confuse the jury.

7. Some of the grounds of error alleged were not referred to in the brief of counsel for plaintiff in error; and one of the grounds of the motion for new trial assigned error on the part of the court in not giving a certain charge, without showing any proper request therefor.

*Judgment reversed. All the Justices concur, except Fish., C. J., absent.*

. Submitted June 19, 1908.—Decided January 15, 1909.

Action for damages. Before Judge Fite. Gordon superior court. December 18, 1907.

*D. W. Blair* and *Tye, Peeples, Bryan & Jordan,* for plaintiff in error. *O. N. Starr,* contra.