[No. 9019.  Department Two.  May 2, 1911.]

THE STATE OF WASHINGTON, *Appellant*, v. L. H. DARWIN,
*Respondent.*[1]

LIBEL AND SLANDER—CRIMINAL COMPLAINT—DEMURRER — CONCLU-
SIONS. Upon demurrer to a complaint for criminal libel, the court
must determine from the facts alleged whether the publication
tended to expose the complainant to hatred, contempt or obloquy, or
to injure him in his business, within Rem. & Bal. Code, § 2424, re-
gardless of the conclusions of the pleader in that regard.

SAME—SUFFICIENCY—PUBLICATION—LIBELOUS PER SE—TRUTH. A
complaint alleging the malicious publication in defendant's news-
paper of a list of conditional sales made by a furniture dealer to
various patrons, as shown by memoranda legally filed by him in
the auditor's office two years previously, the truth of which was un-
questioned, contains no words libelous *per se*, and does not charge
criminal libel when it fails to state facts showing that it tended to
expose him to hatred, contempt, or obloquy, or to injure him in his
business, within Rem. & Bal. Code, § 2424, defining criminal libel;
and the conclusions of the pleader to that effect must be disregarded.

CRIMINAL LAW—COMPLAINT—DEMURRER. A demurrer to a com-
plaint for criminal libel only admits the facts alleged and not the
pleader's conclusions.

Appeal from a judgment of the superior court for What-
com county, Gilliam, J., entered May 24, 1910, dismissing a
prosecution for libel, upon sustaining a demurrer to the
complaint. Affirmed.

*George Livesey, Brown, White & Peringer*, and *Craven &
Greene*, for appellant, contended, among other things, that
the inducement and innuendo are sufficiently set forth in the
allegations that the publication did not give the dates of the
filings, which were in fact nearly two years previous, etc.,
and exposed the complainant to the hatred, contempt, ridi-
cule and obloquy of the public and of those dealing with him,
and of the vendees named in the conditional sales, and tended
to injure, and did injure, him in his business by virtue of
the fact that his customers were driven from him by reason

[1]Reported in 115 Pac. 309

of the publication.    25 Cyc. 575, 578; *Squires v. State,* 39 Tex. Cr. 96, 45 S. W. 147, 73 Am. St. 904; *State v. Grinstead,* 62 Kan. 593, 64 Pac. 49; *People v. Seeley,* 139 Cal. 118, 72 Pac. 834; *State v. Nichols,* 15 Wash. 1, 45 Pac. 647. When words are not libelous *per se,* it is proper and necessary to allege and prove innuendo, colloquiam or inducement.    2 Current Law, p. 730; 8 Current Law, 732; 13 Ency. Plead. & Prac. 99-102; *State v. Osborn,* 54 Kan. 473, 38 Pac. 572; *People v. Collins,* 102 Cal. 345, 36 Pac. 669; *Commonwealth v. Child,* 13 Pick. 198; *State v. Mott,* 45 N. J. L. 494; *People v. Jackman,* 96 Mich. 269, 55 N. W. 809; *Denney v. Northwestern Credit Ass'n,* 55 Wash. 331, 104 Pac. 769, 25 L. R. A. (N. S.) 1021; *State v. Elliott,* 63 Kan. 879, 64 Pac. 1027; *State v. O'Hagan,* 73 N. J. L. 209, 63 Atl. 95.    The publication was not privileged.    Rem. & Bal. Code, §§ 2430, 2428.    A publication so long subsequent to the time when the matters transpired is an abuse of the privilege.    25 Cyc. 571; *Brown v. Globe Printing Co.,* 213 Mo. 611, 112 S. W. 462, 127 Am. St. 627.    That there was no privilege, see, also, 25 Cyc. 405; Bishop, Criminal Law (7th ed.), 914; 2 Wharton, Criminal Law, 1629; *Bacon v. Michigan Cent. R. Co.,* 66 Mich. 166, 33 N. W. 181; *Sherwood v. Powell,* 61 Minn. 479, 63 N. W. 1103, 52 Am. St. 614, 29 L. R. A. 153; *Morse v. Times-Republican Print. Co.,* 124 Iowa 707, 100 N. W. 867; *Holmes v. Clibby,* 121 Ga. 241, 48 S. E. 934, 104 Am. St. 103; *State v. Haskins,* 109 Iowa 656, 80 N. W. 1063, 77 Am. St. 560, 47 L. R. A. 223; *Sheckell v. Jackson,* 64 Mass. 25; *Kimball v. Post Pub. Co.,* 199 Mass. 248, 85 N. E. 103, 127 Am. St. 492, 19 L. R. A. (N. S.) 862. Any privilege is of no avail by reason of the express malice. Bishop, Criminal Law (7th ed.), 914; 3 Supp. Am. & Eng. Ency. Law, p. 1055; 18 Am. & Eng. Ency. Law (2d ed.), 1045, 1048; Rem. & Bal. Code, § 2428; *Coleman v. MacLennan,* 78 Kan. 711, 98 Pac. 281, 130 Am. St. 390, 20 L. R. A. (N. S.) 361; *Nichols v. Eaton,* 110 Iowa 509, 81 N. W. 792, 80 Am. St. 319, 47 L. R. A. 483; *Stewart v. Major,*

17 Wash. 238, 49 Pac. 503; *Kimble v. Kimble*, 14 Wash. 369, 44 Pac. 866; *McClure v. Review Publishing Co.*, 38 Wash. 160, 80 Pac. 303; *Chambers v. Leiser*, 43 Wash. 285, 86 Pac. 627; *Edwards v. Chandler*, 14 Mich. 471, 90 Am. Dec. 249; *Trimble v. Morrish*, 152 Mich. 624, 116 N. W. 451.

*Neterer, Pemberton & Sather*, for respondent, contended, *inter alia*, that there is nothing in the publication that in any way reflects upon the honesty, capacity, fidelity, integrity or morality of the prosecutor or connects any such imputations with his trade or business, or holds him up to scorn, ridicule, contempt and execration or imputes any loathsome disease or implies the commission of a crime. Townsend, Libel and Slander, p. 265; *Crocker v. Hadley*, 102 Ind. 416, 1 N. E. 734; *Shattuc v. McArthur*, 25 Fed. 133. When language is not libelous *per se* the meaning cannot be extended by innuendo. 25 Cyc. 578; *Urban v. Helmick*, 15 Wash. 155, 45 Pac. 747; *People v. Jerome*, 1 Mich. 142; *Bloss v. Tobey*, 2 Pick. 320; *Boynton v. Shaw Stocking Co.*, 146 Mass. 219, 15 N. E. 507; *Newbold v. Bradstreet & Sons*, 57 Md. 38, 40 Am. Rep. 426.

Crow, J.—The only question in this cause is the sufficiency of a criminal complaint, to which the trial judge sustained a demurrer. The state elected to stand upon the complaint, and has appealed from an order discharging the defendant.

The complaint, originally filed before a justice of the peace, omitting formal parts, reads as follows:

"T. S. Hamilton, being first duly sworn on his oath, deposes and says: That in Whatcom county, Washington, on or about the 12th day of April, 1910, the above named defendant, L. H. Darwin, did commit the crime of criminal libel as follows:

"Then and there being, the said defendant, L. H. Darwin, being then and there the business manager of the American Printing Company, a corporation, by which The Morning Reveille, a newspaper published at Bellingham, Washington,

and having a general circulation in and about Bellingham, Whatcom county, Washington, is, and was, then and there issued, did then and there unlawfully and maliciously defame and libel the complainant by then and there unlawfully and maliciously making public and publishing in said The Morning Reveille, and by then and there unlawfully and maliciously causing and procuring to be made public and to be published in said The Morning Reveille the defamation and libel of the said complainant, T. S. Hamilton, by words, printing and writing, tending to expose the said complainant to hatred, contempt, ridicule, and obloquy and to injure the said complainant in his business and occupation; that the said publication, printing and writing was an article then and there published in said The Morning Reveille as aforesaid and more particularly in substance, language and words, as follows:

" 'CONDITIONAL SALES.

" 'T. S. Hamilton (B. B. Furniture Company), to Mrs. Emily Sarlund, go-cart, $10.

" 'T. S. Hamilton (B. B. Furniture Company), to Mrs. C. R. Halladay, go-cart, $13.

" 'T. S. Hamilton (B. B. Furniture Company), to Miss Sophia Anderson, oil stove and oven, $12.

" 'T. S. Hamilton (B. B. Furniture Company), to W. J. Hammons, twenty-five yards of carpet, $12.50.

" 'T. S. Hamilton (B. B. Furniture Company), to William Mullin, furniture, $12.60.

" 'T. S. Hamilton (B. B. Furniture Company), to Mrs. E. Huefner, range, $60.'

"That the complainant herein now is, and for a number of years last past has been, engaged in the sale of furniture at retail in Bellingham, Whatcom county, Washington; and his said business was, and is, known and designated as the 'B. B. Furniture Company;' that in connection with his said business complainant has made, and does now make, conditional sales contracts with his various patrons; that in said contracts the said T. S. Hamilton was, and is, named as the vendor and the various purchasers or customers as vendees, and that said conditional sales contracts at all times have been, and now are, filed in the office of the Auditor of Whatcom county, Washington, and indexed therein in the name of T. S. Hamilton as vendor and the several purchasers as

vendees; that the name 'B. B. Furniture Company' does not appear upon the index in the records in the office of said Auditor of Whatcom county, Washington, and that none of said contracts are filed or indexed in the name of said B. B. Furniture Company; that the said defendant, L. H. Darwin, publishes and causes to be published in said The Morning Reveille, and on the 12th day of April, 1910, did publish and cause to be published in said The Morning Reveille, a report and statement of the filings in the office of the said Auditor of Whatcom county, Washington, for the day or days immediately preceding the publication of said items, and that the publication of said filings for said day or days is and was made under the heading in said publication entitled 'Court House Record,' and that only items and filings of recent date were and are published in said list; that on said 12th day of April, 1910, the said defendant, L. H. Darwin, did unlawfully and maliciously publish, cause to be published, and procure the publication of the libel above set forth, and did on said date unlawfully and maliciously publish, cause to be published, and procure the publication of said libel in a place in said paper separate and apart from the publication of said report of filings in the said Auditor's office and under a heading in bold faced type entitled 'Conditional Sales,' and inserted therein as a part of said filing record the words 'B. B. Furniture Company;' that no sales other than as made by complainant are set forth in said libel; that all of the items set forth in said libel are and were contracts for sales that had been made and filed in said Auditor's office by said T. S. Hamilton approximately two years prior to the publication of said libel, and that in said libel so published neither the dates of said contracts nor the date of the filing thereof was set forth, and that in the publication of said 'Court House Record' the said dates are and were given; that said conditional sales contracts so mentioned in said libelous publication had all been fully paid and satisfied long prior to the publication of said libel.

"That the publication of said libel, as specified, and the publication of the names of the purchasers named in the said conditional sales referred to and mentioned in said libel, tended to expose, and did expose, complainant to the hatred, contempt, ridicule and obloquy of the persons named as the vendees or purchasers in the conditional sales designated and

mentioned in said libel, and tended to expose, and did expose, complainant to the hatred, contempt, ridicule and obloquy of the public, and tended to injure, and did injure, complainant in his business and occupation, in that it tended to deter, and did deter, complainant's customers and the public and the persons named as vendees or purchasers in said libel from further dealing or transacting business with complainant to his financial loss.

"That the said defendant, L. H. Darwin, did make said libelous publication, and cause and procure same to be made thus unlawfully, wilfully and maliciously, knowing that the same would tend to expose the complainant to hatred, contempt, ridicule and obloquy, and knowing the same would tend to injure the complainant in his business and occupation; and the said defendant did thereby intend to expose the said T. S. Hamilton to public hatred, contempt, ridicule and obloquy, and to injure the said T. S. Hamilton in his business and occupation."

Respondent was convicted on this complaint before the justice of the peace, and appealed to the superior court, where the demurrer was sustained. Appellant's only assignment is that the trial judge erred in sustaining the demurrer and discharging respondent. The prosecution is based upon Rem. & Bal. Code, § 2424, which reads as follows:

"Every malicious publication by writing, printing, picture, effigy, sign or otherwise than by mere speech, which shall tend:

"(1)  To expose any living person to hatred, contempt, ridicule or obloquy, or to deprive him of the benefit of public confidence or social intercourse; or  .  .  .

"(3)  To injure any person, corporation or association of persons in his or their business or occupation, shall be a libel.  .  . "

Appellant contends the publication tended to expose the complainant to hatred, contempt, ridicule and obloquy; that it was malicious, was made without justification or excuse; that it tended to injure complainant in his business; that criminal libel is charged in the language of the statute, and that the complaint is sufficient.

While no reasonable excuse appears for making the publication, and the motive that actuated it may not have been commendable, and although it may have annoyed the complainant, yet, from the facts pleaded, we do not conclude that it amounted to a criminal libel. Although no dates of sales were mentioned in the publication, it is nevertheless conceded the sales were actually made by Hamilton in the due course of his business. There is no question but that they were conditional sales, and that for his own protection he filed memoranda thereof, with the county auditor, under the authority of Rem. & Bal. Code, § 3670 et seq. Publication at any time thereafter of the fact that he had made such filings would not tend to expose him to hatred, contempt, ridicule, and obloquy; nor are we able to understand how it would tend to injure him in his usual business which he was conducting in the manner stated.

If there was any circumstance, such as the nature, value or quantity of the merchandise sold, which could by any possibility be construed as tending to reflect upon the vendor, and subject him to contempt and ridicule, that fact must have been known to him when he made the conditional sales and filed their memoranda with the county auditor. There is no intimation that his business methods or the making of such sales were not legitimate or honorable. The complaint alleged the publication was made long after the dates of the respective sales and after payment of the purchase price. Of this fact the vendor Hamilton cannot complain. It could in no manner injure him in his credit or business standing. If it could, his methods which he himself adopted, must have been at fault. The only possible persons, if any, whose credit or financial standing could have been affected by so late a publication, were the vendees, who had then made full payment, but the respondent is not charged with having libeled them.

Although the complaint follows the language of the statute in making its charges, the statements upon which appellant

relies are simply conclusions of the pleader deduced from the facts alleged. It is for the court to determine whether the facts pleaded sustain such conclusions. Conceding the publication to have been unwarranted and at the same time irritating and annoying to Hamilton, yet it only states facts taken from public records, the truth of which is not questioned. The alleged publication contains no words libelous *per se*. Appellant insists that extrinsic circumstances have been pleaded as inducement and innuendo, which, coupled with the language published, are sufficient to show that the publication tended to produce, and did produce, the results which the statute is intended to prohibit. In support of this contention appellant cites, with others, the following authorities: *Denney v. Northwestern Credit Ass'n*, 55 Wash. 331, 104 Pac. 769, 25 L. R. A. (N. S.) 1021; *State v. Elliott*, 10 Kan. App. 69, 61 Pac. 981; *State v. O'Hagan*, 73 N. J. L. 209, 63 Atl. 95.

An examination of these cases will disclose that, if pertinent at all, they tend to show the insufficiency of this complaint. *Denney v. Northwestern Credit Ass'n, supra*, was a civil action for damages predicated on an alleged libel. We there said:

"In all charges of this kind, it is the duty of the court to regard the words spoken or written as might a stranger to the parties, and if they be in themselves, and without the aid of innuendo, otherwise innocent, and if they do not in themselves, and without the aid of the special knowledge possessed by the parties concerned, imply malice, or hold the party out to public contempt or ridicule, or make any charge involving moral turpitude, or touch him in his business, or subject him to an infamous punishment, it is the general rule that they are not libelous *per se*. If the words do not come within this rule,

" 'It is necessary that the declaration should set forth precisely in what way the damage resulted from the speaking of the words. It is not sufficient to allege generally that the plaintiff has suffered special damages, or that the party has been put to great costs and expenses. . . . By special

damage in such a case is meant pecuniary loss.' *Pollard v. Lyon,* 91 U. S. 223, 237, 23 L. Ed. 308.

"See, also, 5 Ency. Plead. & Prac., 766; 25 Cyc. 455; *Dunn v. Maier,* 82 Fed. 169; *Bradstreet Co. v. Oswald,* 96 Ga. 396, 23 S. E. 423; *Newbold v. Bradstreet & Son,* 57 Md. 38, 40 Am. Rep. 426."

Appellant concedes the publication here involved is not libelous *per se.* We find no allegations sufficient to show that Hamilton was actually damaged or injured, personally or in his business. The complaint only states the pleader's conclusions to that effect. Hamilton first published the matter set forth in the complaint when he filed the memoranda of the conditional sale contracts, and caused them to become public records, the publication of which is privileged. An information will not lie for publishing words charging a person with having done that which he may legally and properly do. It is conceded the conditional sales memoranda were legally and properly filed. The publication was truthful. The demurrer only admitted facts alleged and not the pleader's conclusions. The latter must be ignored in passing upon the sufficiency of the complaint. Thus considering the complaint, we conclude it does not state facts sufficient to charge criminal libel.

The judgment is affirmed.

DUNBAR, C. J., MORRIS, and CHADWICK, JJ., concur.