DIXIE BROADCASTING CORPORATION *et al. v.* RIVERS; *et vice versa.*

Nos. 17737, 17738. Argued January 17, 1952—Decided April 16, 1952—
Rehearing denied May 14, 1952.

*Bouhan, Lawrence, Williams & Levy, Douglas, McWhorter & Adams, Powell, Goldstein, Frazer & Murphy,* and *J. Winston Huff,* for plaintiff in error.

*Marvin O'Neal Jr.,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■
Headnotes 1, 2, 3, and 4 do not require elaboration.

■ The pleader does not characterize his action. He simply sets forth facts upon which he relies for recovery; and, if these facts are such as in law entitle the plaintiff to recover, it is not necessary that the action should be classified or characterized by any name. In this case the plaintiff complains of a proceeding the defendants filed against him with the Federal Communications Commission. There are various forms of action to which resort may be had to recover for an injury sustained by reason of the wrongful use of legal proceedings. Ordinarily the remedy is an action for malicious use or abuse of process. "The foundation of an action for malicious prosecution is an original proceeding, judicial in character." 54 C. J. S. 957, § 5. The Federal Communications Commission is not strictly a court, but it has quasi-judicial powers, and its proceedings must satisfy the pertinent demands of due process. 47 U. S. C. A. § 151 et seq.; L. B. Wilson Inc. v. Federal Communications Commission, 170 Fed. 2d, 793. The Federal Communications Commission is an administrative board of the Federal Government, and it was held in Melvin v. Pence, 130 Fed. 2d, 423 (143 A. L. R. 149), that a cause of action for malicious prosecution or the malicious use of legal proceedings may be predicated upon the prosecution of an administrative proceeding. To the same effect, see National Surety Co. v. Page, 58 Fed. 2d, 145. In Restatement of Law, Torts III, 458, § 680, it is said: "One who initiates or procures the initiation of civil proceedings against another before an administrative board which has power to take action adversely affecting the legally protected interests of the other, is subject to liability for any special harm caused thereby, if (a) the proceedings are initiated without probable cause to believe that the charge or claim on which the proceedings are based is well founded, and primarily for a purpose other than that of securing appropriate action by the board, and (b) the proceedings have terminated in favor of the person against whom they are brought."

The amended petition in this case alleges that the defendants maliciously and without probable cause initiated proceedings against the plaintiff before the Federal Communications Commis-

sion; that the charges so made against him were false and untrue; that the proceeding so filed against him had finally terminated in his favor; and that his personal reputation and his radio business had been injured and damaged thereby in a stated amount. Those are the necessary elements of an action for the malicious use of legal process or the malicious use of a civil proceeding. Code, § 105-801; *Juchter* v. *Boehm, Bendheim & Co.,* 67 *Ga.* 534; *Mitchell* v. *Southwestern Railroad,* 75 *Ga.* 398; *Coleman* v. *Allen,* 79 *Ga.* 637 (5 S. E. 204); *Wilson* v. *Sullivan,* 81 *Ga.* 238 (7 S. E. 274); *Porter* v. *Johnson,* 96 *Ga.* 145 (23 S. E. 123); *Slater* v. *Kimbrc,* 91 *Ga.* 217 (18 S. E. 296, 44 Am. St. R. 19); *Woodley* v. *Coker,* 119 *Ga.* 226 (46 S. E. 89); *Mullins* v. *Matthews,* 122 *Ga.* 286 (50 S. E. 101); *Brantley* v. *Rhodes-Haverty Furniture Co.,* 131 *Ga.* 276 (62 S. E. 222); 19 Am. & Eng. Enc. of Law (2d ed.), 630. In *Juchter's* case, supra, this court said: "That the right exists to suc in all cases of the malicious abuse or use of legal process without probable cause, is universally recognized, and needs no citation of authority. The right to recover damages exists equally in both classes of cases; but vindictive or punitive damages are only allowed where the act of the defendant was influenced by malicious motives and without probable cause." And this court in the *Wilson* case, supra, said: "The remedy for one who has been harassed by a malicious and groundless suit, where there is any remedy, is not an action for defamation, but for bringing and prosecuting the suit maliciously and without probable cause." Accordingly, the petition, as amended, will be construed and treated by this court as an action for the malicious use of legal process or the malicious use of a civil proceeding.

■ The plaintiff sought to recover damages on two counts, to wit: libelous averments injurious to reputation, and losses resulting from delay in starting construction. We deal with these in the order just listed.

(a) By Code § 105-711, which was codified from the decision in *Wilson* v. *Sullivan,* 81 *Ga.* 238 (7 S. E. 274), all allegations made in pleadings are absolutely privileged, provided they are material and revelant to the relief sought, and the court has jurisdiction to grant that relief. The preceding section of the Code (105-710) declares that, if a privileged communication, as

referred to in § 105-709, "is used merely as a cloak for venting private malice, and not bona fide in promotion of the object for which the privilege is granted, the party defamed shall have a right of action." This court in the *Wilson* case, supra, quoted that section and asserted that it was dealing with a qualified or conditional privilege, and then held that those averments in pleadings, as above described, did not fall in that classification, because they were absolutely privileged. "Absolute" means at all times and without any exceptions. This simply puts such allegations beyond the reach of any suit of whatever nature to recover damages resulting therefrom. It means that the law has decreed that there can be no damages ever for such allegations. It means that all provisions of law authorizing recovery of damages for malicious use of civil process, malicious abuse of legal process, or malicious prosecution, refer to damages which the law allows, and do not include damages for libel in such privileged pleadings. It was held in *Wilson's* case, supra, that the existence of malice in making false allegations is immaterial. The Code declares such allegations privileged. "However false and malicious, they are not libelous." § 105-711. If they are not libelous, then manifestly no one can sue and recover damages alleged to have resulted therefrom. This absolute privilege completely protects the defendant from any liability for damages in a suit for libel based thereon, and that which the law prohibits directly it will never permit indirectly. *Ford Motor Co.* v. *Abercrombie,* 207 *Ga.* 464, 473 (62 S. E. 2d, 209). This rule means that the mere naming of a suit which seeks to recover damages resulting from such libel something other than a direct suit for libel, even though that name be a suit for damages resulting from malicious use of civil process, can in nowise lift the absolute legal bar to recovery because of libelous allegations privileged under the Code. Indeed, the decision in *Francis* v. *Wood,* 75 *Ga.* 648, plainly held that, though the suit there, consisting of a number of counts, alleged libel in count one and alleged malicious prosecution, etc., in other counts, yet a verdict for the plaintiff must be reversed because the charge authorized a finding in favor of the plaintiff on the libel count. That decision squarely held that recovery for privileged libel could not be had, even though sought in a suit based upon malicious prosecution. It

would have been the same if malicious use of civil process had been substituted for malicious prosecution.

(b) By unanimous decisions this court has held that, in order to recover in a suit for malicious use of civil process, it must be shown that such process caused either (1) an arrest of the person, or (2) seizure of property, or (3) other special injury. *Mitchell* v. *Southwestern Railroad,* 75 *Ga.* 398; *Jacksonville Paper Co.* v. *Owen,* 193 *Ga.* 23 (17 S. E. 2d, 76). In the latter decision it was held that "damages for embarrassment, mortification, humiliation, and being 'held up to public scorn and ridicule,'" do not constitute special damages or injury. That decision also held that attorney's fees and other expense in defending the suit were not special damages. Those full-bench decisions were of force when the actions of the defendants here complained of were committed. They were the law of this State. They had the same force and effect as an act of the legislature. Ga. L. 1858, p. 74; *Lucas* v. *Lucas,* 30 *Ga.* 191, 202 (76 Am. D. 642); *Hagan* v. *Asa G. Candler Inc.,* 189 *Ga.* 250, 258 (5 S. E. 2d, 739, 126 A. L. R. 108); *Crown Laundry* v. *Burch,* 205 *Ga.* 211, 212 (53 S. E. 2d, 116). To sustain this action against these defendants for doing that which the law of this State declares they could do without liability, would undermine respect for and confidence in the law of the land. It is a serious matter to establish by decision of this court a rule whereby one may conform to the requirements of the law and yet be subject to payment of damages for his actions thus within the law. There is nothing relating to attorney's fees and costs ruled in *Slater* v. *Kimbro,* 91 *Ga.* 217 (18 S. E. 296), which involved a dispossessory warrant, nor in *Woodley* v. *Coker,* 119 *Ga.* 226 (46 S. E. 89), which was a trover action, contrary to what was held in *Mitchell* v. *Southwestern Railroad,* supra, and what we now rule. In each of those cases the counsel fees and costs which it was held were recoverable were necessary to avoid eviction of the person from premises in the former, and seizure of property in the latter by the very process which the damage suit alleged was maliciously used by the defendant. In this action, the alleged special damages sought resulted from postponement of construction until the objection of these defendants had been disposed of. The judgment of the Commission, a copy of which is attached to the petition, con-

clusively shows that nothing in the law or the proceeding required such postponement. That order points to the provisions of the law for the Commission to cancel or suspend the permit by either of two procedures, but recites that neither had been done, and that, after considering the response to the objections, it was considered and determined that the objections were not meritorious and the same were dismissed. Thus the petition shows that this loss and injury was in no wise caused by the process employed by these defendants, but was due solely to the voluntary action of the petitioner. To proclaim the evils of libel that is privileged under the Code, § 105-711, and to question the wisdom of this section is neither a proper function of the court nor sound argument in favor of a judgment contrary to the law. We must be content with applying the existing law until different law is provided by the law-making department of the government. Accordingly, the petition, as amended, alleged no recoverable damages and for that reason failed to state a cause of action, and it should have been dismissed on general demurrer.

■ A plaintiff is required to plead his cause plainly, fully and distinctly. Code, § 81-101. "Special defects or omissions in the petition may always be taken advantage of by demurrer; and unless cured by amendment, the petition shall be dismissed." § 81-304. When the plaintiff is called upon by special demurrer to allege facts which are necessary for the defendant's defense they must be averred. *Western Union Telegraph Co.* v. *Griffith,* 111 *Ga.* 551 (36 S. E. 859) ; *Warren* v. *Powell,* 122 *Ga.* 4 (49 S. E. 730). "One of the most universal rules of pleading is, that the plaintiff should not only set forth a cause of action, but should allege his cause of action with such fulness and precision as will enable the defendant to answer." *Bradstreet Co.* v. *Oswald,* 96 *Ga.* 396, 402 (23 S. E. 423). In this case, as shown by our statement of facts, the defendants in due time and form sought by special demurrer to compel the plaintiff to set forth with more precision, certainty, and particularity the contracts he allegedly had for advertising; an itemized statement of the construction materials purchased by him, the cost of which had allegedly increased; and the names of the civil engineers who had allegedly furnished him engineering service and data. As thus sought by

the defendants, these omissions from the petition should have been supplied by proper amendment. *Warren* v. *Powell,* supra; *Louisville & Nashville R. Co.* v. *Barnwell,* 131 *Ga.* 791 (63 S. E. 501). Accordingly, the trial judge did not err, as contended, in sustaining those several grounds of special demurrer to each count of the petition as were interposed by the defendants on March 13, 1951.

*Judgment reversed on the main bill of exceptions. All the Justices concur, except Candler, Wyatt, and Head, JJ., who dissent. Judgment affirmed on the cross-bill of exceptions. All the Justices concur.*

CANDLER, Justice, dissenting. In accordance with the wishes of the court, the foregoing opinion was prepared in conformance with the majority view. What is said in division 6 does not, however, represent my own view. The injury complained of and the consequent damage, according to the allegations of the amended petition, resulted from a tortious act committed wilfully, maliciously, and without probable cause. And, as against a general demurrer, each count of the amended petition alleges damages which may be recovered in a suit for the malicious use of a civil proceeding. In this connection see *Wilson* v. *Sullivan,* 81 *Ga.* 238 (7 S. E. 274), and *Woodley* v. *Coker,* 119 *Ga.* 226 (46 S. E. 89). Whether a plaintiff has been prosecuted by indictment or by civil proceedings, the principle of awarding damages is the same. Newell on Malicious Prosecution (Damages) 491, § 1. The essential elements of the two actions are the same. *Woodley* v. *Coker,* supra. "With respect to the damages recoverable, the general rules of damages applicable to all cases of tort are applicable in actions for malicious prosecution. The same principles are applicable and the same rules govern whether the suit is for the wrongful institution of a civil action or a criminal prosecution." 34 Am. Jur. 760, § 32. See, to the same effect, *Sledge* v. *McLaren,* 29 *Ga.* 64; *Wilcox* v. *McKenzie,* 75 *Ga.* 73; *Porter* v. *Johnson,* supra; *Georgia Loan & Trust Co.* v. *Johnston,* 116 *Ga.* 623 (43 S. E. 27); *Woodley* v. *Coker,* supra. Our Code, § 105-801, declares: "A criminal prosecution, maliciously carried on, and without any probable cause, whereby damage ensues to the person prosecuted, shall give him a cause of action." The plaintiff in an action for malicious prosecution

is not confined in his recovery to the actual loss in dollars and cents he has suffered, whether in the nature of money paid out or gains prevented. He may also recover for non-pecuniary losses he sustains, and these are often the chief items of his recovery. 18 R. C. L. § 75. General damages are such as the law presumes to flow from any tortious act. Code, § 105-2006. But "To authorize the imposition of punitive or exemplary damages there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Southern Railway Co.* v. *O'Bryan,* 119 *Ga.* 147, 148 (45 S. E. 1000) ; *Investment Securities Corp.* v. *Cole,* 186 *Ga.* 809, 810 (199 S. E. 126), and cit.; Code, § 105-2002. And, in suits for malicious prosecutions, the Code, § 105-808, provides that "The recovery shall not be confined to the actual damage sustained by the accused but shall be regulated by the circumstances of each case." As a general rule, punitive or exemplary damages are recoverable in all actions for damages based upon tortious acts, which involve ingredients of malice, fraud or insult, or wanton and reckless disregard for the plaintiff's rights. 15 Am. Jur. 710, § 274. "In England, before the statute of 52 Hen. III., 1277, it was the practice constantly to hold that, where one sued another maliciously and without probable cause, he was liable to such person in damages upon an action on the case, but since the passage of that statute, which gives costs to the defendant *per falsum clamorem,* the bringing of a civil suit maliciously and without probable cause was not a ground upon which an action could be maintained. Yet there was this distinction: when an action was sued out maliciously and without probable cause, whereby the person of the defendant was arrested, or his property attached, or any special grievance to defendant, then in such a case the action would lie, and, as we understand, that was the common law when this State was a province, and when our adopting statute was passed in 1784, and would have been the law without this statute." *Mitchell* v. *Southwestern Railroad,* 75 *Ga.* 398. But whatever may have been the rule at common law, our Code expressly and emphatically declares that a criminal prosecution, maliciously carried on without probable cause, whereby damage ensues to the person prosecuted, shall

give him a cause of action; and it is well settled by the authorities cited above that the same rule applies to suits for the malicious use of a civil proceeding without probable cause. In *Wilson* v. *Sullivan,* supra, this court said: "The remedy for one who has been harassed by a malicious and groundless suit, where there is any remedy, is not an action for defamation, but for bringing and prosecuting the suit maliciously and without probable cause." In this case, each count of the petition alleges that general and punitive damages, amounting to $200,000, ensued to the plaintiff in consequence of the act complained of, and there is a prayer for the recovery of the same. To this there was no special demurrer, and, as against a general demurrer, the averment is sufficient to show ensuing damage. Under a petition alleging a tort and praying for general damages, the plaintiff may recover all actual damages proven; and, if the injury be slight and no actual damage is shown, he may, nevertheless, recover nominal damages. *Hall* v. *Browning,* 195 *Ga.* 423 (24 S. E. 2d, 392); *Glenn* v. *Western Union Telegraph Co.,* 1 *Ga. App.* 821 (58 S. E. 83). And in *Woodley* v. *Coker,* supra, it was held that "Punitive damages may be recovered in any action sounding in tort where the tortious acts were wantonly or maliciously committed." As against a general demurrer, each count of the petition in this case alleged recoverable damages.

I am authorized to state that Justices Wyatt and Head concur in this dissent.